**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| THE CROSSROADS GROUP, LLC, et al., | CASE NO.   1:23-cv-00184 |
| Plaintiffs, | JUDGE J. PHILIP CALABRESE |
| vs. | |
| CITY OF CLEVELAND HEIGHTS, OHIO, et al., | |
| Defendants. | |

## DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND/OR FOR A JUDGMENT ON THE PLEADINGS

Pursuant to Fed.R.Civ.P. 12(b)(6) and 12(c), Defendants Cleveland Heights, Ohio, Pamela Roessner, and Gajane Zaharjan, hereby move to dismiss all of the claims alleged in the First Amended Complaint for failure to state a claim and on qualified immunity grounds, and for the entry of a final judgment in the Defendants' favor on the pleadings.  A Memorandum in Support of this Motion is attached hereto for the Court's review.

Respectfully submitted,

William R. Hanna (0068705)
Director of Law
40 Severance Circle
Cleveland Heights, Ohio 44118
Telephone: (216) 377-1246
Email: whanna@ralaw.com

Lisa A. Mack (0037180)
ROETZEL & ANDRESS, LPA
1375 East Ninth Street
One Cleveland Center, 10th Floor
Cleveland, Ohio 44114
Telephone: (216) 293-7526
Email: lmack@ralaw.com

/s/ Stephen W. Funk_____
Stephen W. Funk (0058506)
ROETZEL & ANDRESS, LPA
222 South Main Street, Suite 400
Akron, OH 44308
Telephone:  (330) 849-6602
Email: sfunk@ralaw.com

*Attorneys for Defendants City of Cleveland Heights, Ohio, Pamela Roessner, and Gajane Zaharjan*

## TABLE OF CONTENTS

**Page**

SUMMARY OF ARGUMENT AND STATEMENT OF ISSUES ................................................... 1

STATEMENT OF FACTS ........................................................................................................... 4

STANDARD OF REVIEW .......................................................................................................... 6

ARGUMENT ............................................................................................................................... 7

I.      THE UNCONSTITUTIONAL CONDITIONS/TAKINGS CLAIM ALLEGED IN
COUNT III OF THE AMENDED COMPLAINT FAILS TO STATE A CLAIM
UPON WHICH RELIEF CAN BE GRANTED .................................................................. 7

      A.      The City's $100 Out-Of-County Registration Fee Does Not Constitute A
"Taking" Under The Fifth and Fourteenth Amendment Of The Constitution ........ 7

      B.      The Unconstitutional Conditions Doctrine Does Not Apply .................................. 9

      C.      Any State Law Takings Claim Under Article I, Section 19 Of The Ohio
Constitution Also Should Be Dismissed Because The Remedy For An
Alleged Taking Under Ohio Law Is A Writ Of Mandamus, Not Damages .......... 12

II.     THE EQUAL PROTECTION AND SUBSTANTIVE DUE PROCESS CLAIMS
ALLEGED IN COUNT II OF THE AMENDED COMPLAINT FAIL TO STATE
A CLAIM UPON WHICH RELIEF CAN BE GRANTED. ............................................... 13

      A.      The City's Out-Of-County Registration Requirement Does Not Violate
The Equal Protection Clause Under The Rational Basis Standard of Review. ..... 13

      B.      The City's Out-Of-County Registration Requirement Does Not Violate
Substantive Due Process Under The Rational Basis Standard of Review............. 18

III.    IF THE COURT DISMISSES COUNTS THREE AND FOUR, IT ALSO SHOULD
DISMISS COUNT ONE AND FOUR OF THE AMENDED COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF AND RESTITUTION. ........................ 18

IV.    THE TWO INDIVIDUAL DEFENDANTS ARE ENTITLED TO QUALIFIED
IMMUNITY AND SHOULD BE DISMISSED FROM THIS CASE. ............................. 19

CONCLUSION ......................................................................................................................... 20

CERTIFICATE OF COMPLIANCE ....................................................................................... 21

CERTIFICATE OF SERVICE ................................................................................................ 21

i

## <u>TABLE OF AUTHORITIES</u>

### <u>Cases</u>

*AE Owner, L.L.C. v. City of East Cleveland*, 8th Dist. Cuyahoga No. 107475, 2019-Ohio-2220 ............................................................................................................ 12

*Agins v. City of Tiburin*, 447 U.S. 255 (1980) .................................................................. 8

*Alweiss v. City of Sacramento*, No. 2:21-CV-00784-JAM-DB, 2021 WL 6118183 (E.D. Cal. Dec. 27, 2021) .................................................................................................. 8

*Am. Assn. of Univ. Professors, Cent. State Univ. Chapter v. Cent. State Univ.*, 87 Ohio St.3d 55, 717 N.E.2d 286 (1999) ......................................................................... 15

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009) ..................................................... 6

*Barnes v. City of Cleveland*, No. 1:14 CV 1592, 2015 WL 5675099 (N.D. Ohio Sept. 25, 2015) ............................................................................................... 19

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007) ............................... 6

*Camara v. Municipal Court*, 387 U.S. 523 (1967) ........................................................... 1, 7

*Carr v. Louisville-Jefferson Cty.*, 37 F.4th 389 (6th Cir. 2022) ......................................... 6

*Citizens in Charge, Inc. v. Husted*, 810 F.3d 437 (6th Cir. 2016) ..................................... 20

*City of Richmond Heights v. LoConti*, 19 Ohio App.2d 100, 250 N.E.2d 84 (8th Dist. 1969)...... 12

*Cleveland v. Martin*, 8th Dist. Cuyahoga No. 85374, 2005-Ohio-6482 ............................ 13

*D'Ambrosio v. Marino*, 747 F.3d 378 (6th Cir. 2014) ....................................................... 6

*Davis v. United States*, 499 F.3d 590 (6th Cir. 2007) ....................................................... 18

*Doe v. Claiborne Cnty., Tenn. by and through Claiborne Cnty. Bd. of Educ.*, 103 F.3d 495 (6th Cir. 1996) ................................................................................................................ 20

*Dolan v. City of Tigard*, 512 U.S. 374 (1994) ......................................................... 2, *passim*

*Embassy Realty Investments, LLC v. City of Cleveland*, 877 F. Supp. 2d 564 (N.D. Ohio 2012) ............................................................................................................. 6, 7

*Ewing Citizens for Civil Rights, Inc. v. Township of Ewing*, No. 05-1620 (MLC), 2007 WL 2065832 (D. N.J. July 13, 2007) .................................................................. 3, 15, 16

*Federal Communications Commission. v. Beach Comm., Inc.*, 508 U.S. 307 (1993) .................. 14

*Fritz v. Charter Twp. of Comstock*, 592 F.3d 718 (6th Cir. 2010) ........................................ 6

*Goodwin v. Summit County, Ohio*, 45 F. Supp. 3d 692 (N.D. Ohio 2014) .............................. 20

*Goodwin v. Summit County*, No. 5:14-CV-121, 2016 WL 5118310 (N.D. Ohio
    Sept. 21, 2016), *aff'd*, 703 F. App'x 379 (6th Cir. 2017) ) .......................................... 19

*Halpern 2012, LLC v. City of Ctr. Line, Michigan*, 806 F. App'x 390 (6th Cir. 2020) .... 1, 7, 8, 19

*Harrison v. Montgomery Cty.*, 482 F. Supp. 3d 652 (S.D. Ohio 2020),
    *rev'd on other grounds*, 997 F.3d 643 (6th Cir. 2021) ............................................ 13

*Heller v. Doe*, 509 U.S. 312 (1993) ........................................................................ 14, 15

*In re City of Detroit, Mich.*, 841 F.3d 684 (6th Cir. 2016) ............................................ 2, 15

*Kaplan v. Univ. of Louisville*, 10 F.4th 569 (6th Cir. 2021) .......................................... 18

*Knight v. Metropolitan Government of Nashville and Davidson Counties*, 572 F.
    Supp. 3d 428 (M.D. Tenn. 2021), *appeal pending*, Case No. 21-6179 ...................... 11

*Koontz v. St. Johns River Water Mgmt. Dist.*, 570 U.S. 595 (2013) ....................... 2, 10, 11, 12

*Lingle v. Chevron U.S.A., Inc.*, 544 U.S. 528 (2004) ......................................... 8, 9, 12

*Longshore v. United States*, 77 F.3d 440 (Fed. Cir. 1996) ............................................ 8

*McNeilus Truck and Mfg. Inc. v. Montgomery*, 226 F.3d 429 (2000) ............................ 3, 17

*Meitzner v. City of Sterling Heights*, No. 21-12169, 2022 WL 2239162
    (E.D. Mich. June 22, 2022) ............................................................................ 8

*Metropolitan Life Ins. Co. v. Ward*, 470 U.S. 869 (1985) ............................................ 3, 17

*Midkiff v. Adams County Regional Water District*, 409 F.3d 758 (6th Cir. 2005) ............. 2, 15, 18

*New England Health Care Emps. Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495
    (6th Cir. 2003) ............................................................................................ 6

*Nollan v. California Coastal Comm.*, 483 U.S. 825 (1997) ........................................ 2, *passim*

*Nosse v. City of Ann Arbor, Michigan*, No. CV 22-11283, 2023 WL 2250621
    (E.D. Mich. Feb. 27, 2023) ............................................................................ 8

*Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667 (1950) ........................................ 18

*State v. Batista*, 151 Ohio St.3d 584, 2017-Ohio-8304, 91 N.E.3d 724 ........................... 15

*State ex rel. Maras v. LaRose*, -- N.E.3d ----, 2022-Ohio-3852 (Oct. 28, 2022) ...................... 14

*Tarantino v. City of Hornell*, 615 F. Supp. 2d 102 (W.D.N.Y. 2009) ........................... 3, 5, 15, 16

*Tarrify Properties, LLC v. Cuyahoga Cty.*, Case No. 1:19-cv-2293, 2020 WL 4043105 (N.D. Ohio July 17, 2020) ....................................................................... 13

*Tarrify Properties, LLC v. Cuyahoga Cty.*, Case No. 1:19-cv-2293, 2022 WL 4243972 (N.D. Ohio Sept. 15, 2022) ...................................................................... 19

*Tiwari v. Friedlander*, 26 F.4th 355 (6th Cir.) ........................................ 2, 14, 17, 18

*United States v. Sperry*, 493 U.S. 52 (1989) ........................................................ 1, 7, 8

**Constitutional Provisions**

Ohio Constitution, Article I, Section 1 ...................................................................... 1

Ohio Constitution, Article I, Section 2 ...................................................................... 1

Ohio Constitution, Article I, Section 16 ....................................................................1

Ohio Constitution, Article I, Section 19 ............................................................ 1, 12, 13

United States Constitution, Fifth Amendment ......................................................... 1

United States Constitution, Fourteenth Amendment ................................................. 1

**Ordinances**

City of Cleveland Heights Codified Ordinances, Section 1351.34 ............................... 1, 4

City of Cleveland Heights Codified Ordinances, Section 1351.34(a) .............................. 5

City of Cleveland Heights Codified Ordinances, Section 1369.16 ............................... 1, 4

City of Cleveland Heights Codified Ordinances, Section 1369.16(a) .............................. 5

City of Cleveland Heights Codified Ordinances, Section 1369.16(c) .........................1, 4, 5

## SUMMARY OF ARGUMENT AND STATEMENT OF ISSUES

This case involves a constitutional challenge filed by the 1851 Center for Constitutional Law to the out-of-county registration requirement that has been adopted by the City of Cleveland Heights (the "City") under the City's Housing Code, Section 1351.34, and the City's Business Maintenance Code, Section 1369.16, and the related $100 registration fee under Section 1369.16(c).  In their Amended Complaint, three Plaintiffs (Crossroads Group, LLC, Andrew Strigle, and Sole Houses, LLC) allege that the City's out-of-county registration requirement and the registration fee of $100.00 are unconstitutional based upon two legal theories: (1) "due process and equal protection" under the Fourteenth Amendment to the United States Constitution, and Sections 1, 2, 16, and 19 of Article I of the Ohio Constitution (Count II); and (2) "unconstitutional conditions and takings" under the Fifth and Fourteenth Amendment to the United States Constitution and Sections 16 and 19 of Article I of the Ohio Constitution (Count III).  (Doc.#5, Amd. Compl. ¶ 52-138, PageID#63-76).  In so doing, they request declaratory and injunctive relief (Count I), along with "restitution" (Count IV), based upon the allegation that the $100 registration fee is unconstitutional.  (*Id.* at ¶ 48-49 and ¶ 144, PageID#63 and PageID#77).

As discussed more fully below, however, both of the constitutional claims alleged in the First Amended Complaint fail to state a claim as a matter of law.  As the Sixth Circuit recently explained, a municipality's "rental-property registration and inspection requirements are reasonable means of advancing its governmental interests in public safety and welfare, and it may impose reasonable fees to offset the costs of advancing those interests." *Halpern 2012, LLC v. City of Ctr. Line, Michigan*, 806 F. App'x 390, 395 (6th Cir. 2020) (citing *Camara v. Municipal Court*, 387 U.S. 523, 535 (1967).  Thus, it is well established that a reasonable user fee that has been adopted to cover the costs of governmental services is not a "taking" within the meaning of the United States Constitution. *United States v. Sperry*, 493 U.S. 52, 63 (1989).

This is fatal to both of Plaintiffs' claims. First, with respect to the unconstitutional conditions claim, Plaintiffs' alleged takings claim must be dismissed as a matter of law because, as the Supreme Court made clear in *Koontz v. St. Johns River Water Mgmt. Dist.*, 570 U.S. 595 (2013), the limited exception for takings claims arising from "land-use exactions" adopted in *Dolan v. City of Tigard*, 512 U.S. 374 (1994), and *Nollan v. California Coastal Comm.*, 483 U.S. 825 (1997), does <u>not</u> apply to "taxes, user fees, and similar laws and regulations that may impose financial burdens on property owners." *Id.* at 615. Rather, it applies only if the government requires a property owner to dedicate a portion of her property for public use, or as in *Koontz*, demands a "monetary exaction" <u>in lieu of</u> the dedication, which is "functionally equivalent to other types of land use exactions." *Id.* at 612. Thus, Count III should be dismissed because the "land-use exactions" exception adopted in *Koontz*, *Dolan*, and *Nollan* simply does not apply.

Second, Count II should be dismissed as a matter of law because Plaintiffs cannot overcome the strong presumption of validity that must be applied under the highly deferential rational basis standard, which requires the Court to uphold a legislative classification if there is any "plausible" reason for the law, even if it is based upon "rational speculation unsupported by evidence or empirical data." *See Tiwari v. Friedlander*, 26 F.4th 355, 361 (6th Cir.), *cert. denied*, 143 S. Ct. 444 (2022) (citations omitted). This is a <u>legal</u> question that can be decided via a motion to dismiss because it does not call upon the Court to engage in courtroom fact finding, but only to determine whether there is <u>any</u> "conceivable" basis for the law. *See, e.g.*, *In re City of Detroit, Mich.*, 841 F.3d 684, 701-702 (6th Cir. 2016) (affirming dismissal of equal protection claim on Rule 12(b)(6) motion to dismiss); *Midkiff v. Adams County Regional Water District*, 409 F.3d 758, 769-771 (6th Cir. 2005) (affirming dismissal of substantive due process and equal protection claims under Rule 12(b)(6)).

Here, as set forth in the Minutes of the Cleveland Heights City Council Meeting from August 2007 attached hereto, there is clearly a rational basis for the City's out-of-county registration requirement, which was adopted in order to "close a loophole" in the City's enforcement of its property maintenance ordinances by ensuring that out-of-county property owners appoint a local agent who can receive service of process for purposes of serving notices of violations or any other types of enforcement actions.  (*See* Doc. #15-3, Minutes of 2007 Cleveland Heights City Council Meeting, dated August 6, 2007, pp. 10-11, PageID#287-288).  As several federal courts have held, this is a valid and legitimate purpose that "easily" satisfies the highly deferential rational basis standard.  *See Tarantino v. City of Hornell*, 615 F. Supp.2d 102, 119 (W.D.N.Y. 2009), *aff'd*, 378 Fed.Appx. 68 (2d Cir. 2010), *cert. denied*, 562 U.S. 1044 (2010) (upholding enforcement of landlord registration requirement against property owner who lived in a different county of New York state); *Ewing Citizens for Civil Rights, Inc. v. Township of Ewing*, No. 05-1620 (MLC), 2007 WL 2065832 (D. N.J. July 13, 2007) (upholding 25-mile registration requirement). While the First Amended Complaint alleges that the City's out-of-county registration requirement violates the Supreme Court's ruling in *Metropolitan Life Ins. Co. v. Ward*, 470 U.S. 869 (1985), this ruling is not applicable to this case because the sole interest advanced by the State in *Metropolitan Life* was whether it may "favor its own residents by taxing foreign corporations at a higher rate solely because of their residence." *Id.* at 878. Thus, as the Sixth Circuit later held in *McNeilus Truck and Mfg. Inc. v. Montgomery*, 226 F.3d 429 (2000), *Metropolitan Life* does not apply if there is any other "plausible" explanation for the legislation.  *Id.* at 440.

For all of these reasons, therefore, the Court should dismiss the takings, due process, and equal protection claims alleged in the First Amended Complaint. Count III alleges a constitutional theory that is not applicable to this case, and Count II alleges an equal protection and due process

claim that, on its face, cannot overcome the highly deferential rational basis standard.  In so doing, the Court also should dismiss Count I, which is not an independent cause of action, but merely requests a declaratory judgment and permanent injunction based upon the "constitutionality" of the challenged ordinance, and Count IV, which alleges a claim for unjust enrichment/restitution based upon the constitutionality of the ordinance. Accordingly, for all of these reasons, this entire action should be dismissed for failure to state a claim.

## STATEMENT OF FACTS

As previously discussed, Plaintiffs' First Amended Complaint seeks to challenge the constitutionality of an out-of-county registration requirement that has been adopted by the City of Cleveland Heights under the City's Housing Code, Section 1351.34, and the City's Business Maintenance Code, Section 1369.16, and the related $100 registration fee under Section 1369.16(c). (Doc.#5, First Amd. Compl. ¶ 18-25). Although the Complaint and the First Amended Complaint only attach a copy of the ordinances relating to the out-of-county registration requirement, the undisputed fact remains that the out-of-county registration requirement is only one part of the comprehensive set of ordinances that the City of Cleveland Heights has adopted to establish minimum property maintenance standards relating to the condition of structures that are subject to rental or leasing to third-parties or to any other type of business use.  Certified copies of the Housing Code – Title Five, Chapters 1347-1351 – and the Business Maintenance Code – Title Seven, Chapters 1361-1371 – are attached hereto as Attachments #1 and #2.

Under the Housing and Business Maintenance Codes, any owner of a structure that is rented or leased for residency occupancy or otherwise used for business purposes must file an annual application to obtain a certificate of occupancy based upon compliance with the basic property maintenance standards set forth in Housing Code and Building Maintenance Code.  In this regard, Section 1351.34 and Section 1369.16 both provide that, if the owner of a dwelling

4

structure or business structure does not reside within Cuyahoga County, then the owner "shall register with the Commissioner of Buildings on a form prescribed by the Commissioner of Buildings and designate an authorized agent for each structure" who must be a "natural person eighteen (18) years of age or older who maintains a physical office in Cuyahoga County or actually resides within Cuyahoga County, Ohio." (Doc.#15-1, Cleve. Hts. Cod. Ord. § 1351.34(a), PageID#248); (Doc.#15-2, Cleve. Hts. Cod. Ord. § 1369.16(a), PageID#272). "By designating an authorized agent," both Sections 1351.34(a) and 1369.16(a) provide that "the owner is consenting to receive any and all notices of violations of City ordinances and to receive process, in any court proceeding or administrative enforcement proceeding relating to the use or maintenance" of the property or structure . . . by service of the notice or process on the authorized agent." (*Id.*) Moreover, Section 1369.16(c) provides for the payment of a registration fee of $100.00, which, as the First Amended Complaint alleges, has been interpreted by the City to apply to all out-of-county registrants who are in the business of leasing or renting structures to third-parties. (Doc.#5, Amd. Compl. ¶ 21, PageID#58).

As previously discussed, it is not unconstitutional for a municipality to require the owner of rental property that lives outside the city's jurisdiction to designate a local agent to accept service of process on its behalf.  *See Tarantino*, 615 F. Supp.2d at 119.  Here, as set forth in the Minutes of the August 2007 City Council Meeting attached hereto, the out-of-county registration requirement was adopted by Cleveland Heights in order to "close a loophole" in the City's enforcement of its property maintenance ordinances by ensuring that out-of-county owners appoint a local agent in Cuyahoga County who can receive notices of violation and service of process for any enforcement actions. (*See* Doc.#15-3, Certified Copies of Minutes of 2007 Cleveland Heights City Council Meeting, dated August 6, 2007, pp. 10-11, PageID#287-288). Thus, the out-of-county

registration requirement was adopted to remedy the problem that was occurring in being unable to serve out-of-county property owners who failed to maintain the condition of local buildings that are rented to third parties or otherwise used for business purposes. (*Id.*)  As discussed below, this reason provides more than a sufficient rational basis for the legislation.

## STANDARD OF REVIEW

In order to survive a motion to dismiss under Rule 12(b)(6), a plaintiff must allege "sufficient factual matter" that, if proven, would establish a plausible claim for relief.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570  (2007). The same standard of review applies equally to a Rule 12(c) motion for judgment on the pleadings. *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010). Although the Court must accept the "well-pled allegations" of the complaint as true, it "need not accept as true legal conclusions or unwarranted factual inferences, and conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014).

In deciding a motion to dismiss under Rule 12(b)(6) or a motion for judgment on the pleadings under Rule 12(c), the Court ordinarily does not consider matters outside of the pleadings without converting the motion into a motion for summary judgment under Rule 56.  As the Sixth Circuit has held, however, there are a number of exceptions to this rule, which would permit the court to "consider materials in addition to the complaint if such materials are public records or otherwise appropriate for judicial notice." *Carr v. Louisville-Jefferson Cty.*, 37 F.4th 389, 392 (6th Cir. 2022) (citing *New England Health Care Emps. Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003)).  Here, the only attachments to this Motion to Dismiss are certified copies of city ordinances and other public records that are subject to judicial notice under Evid. R. 201(b).  *See Embassy Realty Investments, LLC v. City of Cleveland*, 877 F. Supp. 2d 564, 571

(N.D. Ohio 2012) (explaining why "the Court may take judicial notice of the existence of these public records" in deciding a motion to dismiss). Accordingly, the Court can and should consider these public records in deciding this Motion. *Id.*

## ARGUMENT

I.   **THE UNCONSTITUTIONAL CONDITIONS/TAKINGS CLAIM ALLEGED IN COUNT III OF THE AMENDED COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

A.   **The City's $100 Out-Of-County Registration Fee Does Not Constitute A "Taking" Under The Fifth and Fourteenth Amendment Of The Constitution.**

Count III of the Amended Complaint is based upon the allegation that the $100 registration fee to pay the cost of processing out-of-county registration applications and enforcing the out-of-county registration requirement constitutes a "taking" under the unconstitutional conditions doctrine established by the United States Supreme Court. Before addressing this doctrine, it first must be emphasized that the Supreme Court has long held that municipalities have the police power to impose and enforce minimum standards upon existing structures. *Camara v. Municipal Court*, 387 U.S. 523, 535 (1967). Thus, as the Sixth Circuit recently held in *Halpern 2012, LLC, supra*, it is not unconstitutional for a municipality to adopt a registration and inspection ordinance to regulate the condition of structures, and, if such an ordinance is adopted, to "impose reasonable fees to offset the costs of advancing those interests." *Id.*, 806 Fed.Appx. at 395.

Indeed, the Supreme Court has long held that "[a] reasonable user fee is not a taking if it is imposed for reimbursement of the cost of governmental services." *United States v. Sperry*, 493 U.S. 52, 63 (1989). In so doing, the Supreme Court emphasized that "[t]his Court has never held that the amount of a user fee must be precisely calibrated to the use that a party makes of Government services. Nor does the Government need to record invoices and billable hours to justify the cost of its services." *Id.* Thus, in *Halpern*, the Sixth Circuit upheld the validity of a

$175 annual registration fee charged by City of Center Line, Michigan, without examining any evidence to determine the costs of administering the regulatory program. *Id.*, 806 Fed.Appx. at 392 and 395-396; *see also Nosse v. City of Ann Arbor, Michigan*, No. CV 22-11283, 2023 WL 2250621, at *14 (E.D. Mich. Feb. 27, 2023) (following *Halpern* in granting motion to dismiss challenge to city's inspection fees because "on their face the fees clearly are reasonable"); *Meitzner v. City of Sterling Heights*, No. 21-12169, 2022 WL 2239162, at *4 (E.D. Mich. June 22, 2022) (following *Halpern* in granting motion to dismiss constitutional challenge to city's $135 inspection fee); *Alweiss v. City of Sacramento*, No. 2:21-CV-00784-JAM-DB, 2021 WL 6118183, at *2 (E.D. Cal. Dec. 27, 2021) (granting motion to dismiss constitutional takings challenge to $100 application fee charged by a municipality for conditional use permit because, on its face, it "was a reasonable fee for the reimbursement of the cost of government services associated with Plaintiffs' [sic] permit applications").

In this regard, we note that the federal courts have recognized that it would constitute a significant intrusion into the legislative function if the courts were to conduct judicial inquiry into the reasonableness of legislatively-prescribed fees that are only intended to be an <u>approximation</u> of potential governmental costs. *See, e.g., Longshore v. United States*, 77 F.3d 440, 443 (Fed. Cir. 1996) (refusing to undertake inquiry into the reasonableness of a $200 application fee for a lottery because it would "invite intrusion by the judicial into the work of Congressional committees and staff, and into the minds of Congress itself, which would be nothing but an invitation to mischief"). Indeed, after *Sperry* and *Longshore* were decided, the Supreme Court in *Lingle v. Chevron U.S.A., Inc.*, 544 U.S. 528 (2004), expressly rejected and abrogated the legal theory that the government's regulation of private property through the exercise of police power would constitute a "taking" if it does not "substantially advance a legitimate state interest." *Id.* at 540-545, 548 (abrogating its

8

holding in *Agins v. City of Tiburin*, 447 U.S. 255 (1980), that a takings claim can arise if a governmental action does not "substantially advance a legitimate state interest"). In so doing, the Court in *Lingle* explained that the "substantially advance" standard was "doctrinally untenable as a takings test" because "it could be read to demand heightened means-end review of virtually any regulation of private property," and thus "require courts to scrutinize the efficacy of a vast array of state and federal regulations – a task for which courts are not well suited." *Id.* at 544. Accordingly, despite the large number of cases cited in their First Amended Complaint and Motion for Preliminary Injunction, Plaintiffs fail to cite a single case in which a reasonable fee of $100 to cover the approximate cost of processing a permit or registration application was considered to be a "taking" under the United States Constitution.

> **B.** **The Unconstitutional Conditions Doctrine Does Not Apply.**

As previously discussed, the Supreme Court held in *Lingle* that the "substantially advance" standard no longer applies in determining whether the government's regulation of private property constitutes a "taking." Instead, in *Lingle*, the Supreme Court held at the end of its opinion that "a plaintiff seeking to challenge a government regulation as an uncompensated taking of private property" must proceed under one of the following legal theories: (1) "physical" taking; (2) "total regulatory taking," (3) "a *Penn Central* taking," or (4) "a land-use exaction violating the standards set forth in *Nollan* and *Dolan*." *Lingle*, 544 U.S. at 548. Here, Count III of the Amended Complaint seeks to allege a takings claim based upon the fourth theory, *i.e.,* that the $100 registration fee constitutes a "taking" under the "unconstitutional conditions" doctrine established by the Supreme Court in *Nollan v. California Coastal Comm.*, 483 U.S. 825 (1997), and *Dolan v. City of Tigard*, 512 U.S. 374 (1994).

9

As the Supreme Court explained in *Lingle*, both *Nollan* and *Dolan* "involve a special category" of takings claims arising from "adjudicative land-use exactions—specifically, government demands that a landowner dedicate an easement allowing public access to her property as a condition of obtaining a development permit." *Id.,* 544 U.S. at 528 (emphasis added); *see Dolan*, 512 U.S. at 379–380 (permit to expand a store and parking lot conditioned on the dedication of a portion of the relevant property for a "greenway," including a bike/pedestrian path); *Nollan*, 483 U.S. at 828 (permit to build a larger residence on beachfront property conditioned on dedication of an easement allowing the public to traverse a strip of the property between the owner's seawall and the mean high-tide line). In such a case involving an "adjudicative land-use exaction," therefore, the Supreme Court held that the imposition of the condition is not unconstitutional so long as (1) there is an "essential nexus" between a "legitimate state interest" and the condition exacted by the city, and (2) there is a "rough proportionality" between the "exactions and the proposed impact of the proposed development." *Dolan*, 512 U.S. at 386, 391.

There is nothing in *Nollan* and *Dolan*, however, that suggests that this two-part test should be applied to a reasonable fee that may be charged by the government for the processing of a land use permit application. While the Supreme Court later held in *Koontz v. St. Johns River Water Management Dist.*, 570 U.S. 595 (2013), that *Nollan* and *Dolan* also apply to "monetary exactions" where a property owner is given a "choice of either surrendering an easement or making a payment equal to the easement's value," *Id.* at 612, the Court did not open the door to subjecting routine application and permit fees to constitutional scrutiny under the *Nollan* and *Dolan* two-part test. Rather, in *Koontz*, the Court held that the "monetary exactions" at issue in that case were subject to the nexus and rough proportionality requirements of *Nollan* and *Dolan* only because they

involved "so-called 'in lieu of' fees" that "are functionally equivalent to other types of land use exactions." *Id.* at 612.

Indeed, in response to the dissenting opinion's concern that the majority's opinion in *Koontz* would subject "taxes and user fees" to takings claims based upon *Nollan* and *Dolan*, Justice Alito in *Koontz* responded unequivocally by making clear that "[i]t is beyond dispute that 'taxes and user fees . . . are not 'takings',"" and that "this case therefore does not affect the ability of governments to impose property taxes, user fees, and similar laws and regulations that may impose financial burdens on property owners." *Id.*, 570 U.S. at 615 (emphasis added). Thus, contrary to the legal arguments set forth in Count III of the Amended Complaint, there is nothing in *Koontz* that requires the Court to conduct the two-part test set forth in *Nollan* and *Dolan* in determining the constitutionality of a $100 registration fee charged by the City of Cleveland Heights. Rather, as previously discussed, *Koontz* applies only to a "monetary exaction" that is "functionally equivalent" to a "land-use exaction," *Id.* at 612, and which Court further explains at page 617 involves an "in lieu of" demand that the respondent in *Koontz* never argued was a user fee or tax, but "considered the petitioner's money to be a substitute for his deeding to the public a conservation easement on a larger parcel of undeveloped land." *Id.* at 617.[1]

In their Amended Complaint, Plaintiffs seek to circumvent the limitations imposed by the Supreme Court in *Koontz* by alleging that the $100 registration fee is not a "user fee." (Doc.#5,

---

[1] We note that *Koontz* also does not apply because both *Nollan* and *Dolan* involved "adjudicative" land use exactions. Thus, as several courts have held, *Koontz* does not apply to an alleged "exaction" that arises from a "legislative" land use ordinance. *See Knight v. Metropolitan Government of Nashville and Davidson Counties*, 572 F. Supp. 3d 428, 438-441 (M.D. Tenn. 2021), *appeal pending*, 6th Circuit Case No. 21-6179 (dismissing takings claim arising from municipal ordinance that obligated property owner to construct a sidewalk or pay an "in lieu contribution" to Metro's pedestrian benefit fund). The Court, however, does not need to resolve this legal issue in this case because it is so clear that *Koontz* does not apply to the City's $100 registration fee for all of the reasons set forth above.

Amd. Compl. ¶ 114-121, PageID#73-74). The two cases cited in this sub-section of the Amended Complaint, however, involve a <u>state</u> law analysis of whether a license fee is a "user fee" or a "tax" under <u>state</u> law, which is not applicable to the constitutional analysis under the "takings" clause. *See, e.g., AE Owner, L.L.C. v. City of East Cleveland*, 8th Dist. Cuyahoga No. 107475, 2019-Ohio-2220; *City of Richmond Heights v. LoConti*, 19 Ohio App.2d 100, 250 N.E.2d 84 (8th Dist. 1969). Indeed, regardless of whether the $100 out-of-county registration fee is defined as a "fee" or a "tax" under Ohio law, the undisputed fact remains that it does not constitute a "taking" under *Koontz*, *Dolan*, and *Nollan* because, as the Supreme Court explained in *Koontz*, it is beyond dispute that <u>both</u> a "user fee" <u>and</u> a "tax" does not constitute a taking. *Koontz*, 570 U.S. at 615. Thus, it does not matter whether the $100 registration fee is a tax or a user fee because the unconstitutional conditions doctrine still would not apply.

For all of these reasons, therefore, the Court should dismiss Count III of the Amended Complaint for failure to state a claim. As the Supreme Court explained in *Lingle*, "a plaintiff seeking to challenge a government regulation as an uncompensated taking of private property" must proceed under one of the following legal theories: (1) "physical" taking; (2) "total regulatory taking," (3) "a *Penn Central* taking," or (4) "a land-use exaction violating the standards set forth in *Nollan* and *Dolan*." *Id.*, 544 U.S. at 548. Here, Count III seeks to allege a takings claim under the "land-use exaction" standard, but it simply does not apply. Accordingly, the Court should dismiss Count III for failure to state a claim.

### C.    Any State Law Takings Claim Under Article I, Section 19 Of The Ohio Constitution Also Should Be Dismissed Because The Remedy For An Alleged Taking Under Ohio Law Is A Writ Of Mandamus, Not Damages.

We note that the title of Count III includes an allegation of an alleged violation of the Takings Clause in Article I, Section 19 of the Ohio Constitution. (Doc.#5, Amd. Compl. pg. 14,

PageID#68). In making this argument, however, the Complaint does not include any allegations to suggest that the definition of a "taking" under Ohio Constitution is any different than a "taking" under the United States Constitution. But, even if it were different, the fact remains that the state law takings claim must be dismissed for failure to state a claim because the remedy for a takings claim under Article I, Section 19 of the Ohio Constitution is a writ of mandamus, not a claim for damages. *Cleveland v. Martin*, 8th Dist. Cuyahoga No. 85374, 2005-Ohio-6482, ¶ 22-23 (affirming dismissal of takings claim for damages because no "private right of action for damages exists separate and distinct from a mandamus action"). Accordingly, for this additional reason, the state law takings claim alleged in Count Three should be dismissed for failure to state a claim. *See Harrison v. Montgomery Cty.*, 482 F. Supp.3d 652, 665 (S.D. Ohio 2020), *rev'd on other grounds*, 997 F.3d 643 (6th Cir. 2021) (dismissing state law takings claim because the remedy for an alleged taking under the Ohio Constitution is a writ of mandamus, not a private right of action for money damages); *Tarrify Properties, LLC v. Cuyahoga Cty.*, Case No. 1:19-cv-2293, 2020 WL 4043105, *6 (N.D. Ohio July 17, 2020) (dismissing state law takings claims for same reasons).

## II.   THE EQUAL PROTECTION AND SUBSTANTIVE DUE PROCESS CLAIMS ALLEGED IN COUNT II OF THE AMENDED COMPLAINT FAIL TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

### A.   The City's Out-Of-County Registration Requirement Does Not Violate The Equal Protection Clause Under The Rational Basis Standard of Review.

Although Count II alleges a claim under both the Due Process and Equal Protection Clauses of the Fourteenth Amendment (and the Ohio Constitution), the allegations focus on whether the $100 registration fee violates equal protection because it applies only to owners who are located outside of Cuyahoga County. Thus, the legal question presented by Count II is whether there is a "rational basis" for the out-of-county registration requirement and related $100 fee.

In this regard, the question of whether the City's out-of-county registration requirement satisfies the highly deferential "rational basis" standard is a question of law that can be decided on a motion to dismiss because it merely requires the Court to determine whether there is some "plausible" reason for the law because, as the Sixth Circuit explained, if there is "<u>any</u> plausible reason, even one that did not inspire the enacting legislators—the law must stand, no matter how unfair, unjust, or unwise the judges may see it as citizens." *Tiwari v. Friedlander*, 26 F.4th 355, 361 (6th Cir.), *cert. denied*, 143 S. Ct. 444 (2022) (emphasis added). Indeed, under the rational basis standard, a legislative classification comes to the Court "bearing a strong presumption of validity," and thus it is the challenging party's burden to negate "<u>every</u> conceivable basis which might support it." *Heller v. Doe*, 509 U.S. 312, 320 (1993); *Federal Communications Comm. v. Beach Comm., Inc.*, 508 U.S. 307, 314-315 (1993) (emphasis added). "Moreover, because [the courts] never require a legislature to articulate its reasons for enacting a statute, it is entirely irrelevant for constitutional purposes whether the conceived reason for the challenged distinction actually motivated the legislature," or if there is an "absence of 'legislative facts' explaining the distinction '[o]n the record.'" *Id.* at 315. Thus, the Court does not need to engage in "courtroom fact-finding" because any "plausible" reason for the legislation will suffice, even if it is based upon "rational speculation unsupported by evidence or empirical data." *Tiwari*, 26 F.4th at 361.

The same legal standards apply to an equal protection claim under the Ohio Constitution. *See State ex rel. Maras v. LaRose*, --- N.E.3d ----, 2022-Ohio-3852, ¶ 17 (Oct. 28, 2022) ("We have interpreted the Equal Protection Clause in the Ohio Constitution as being equivalent to the federal Equal Protection Clause"). As the Ohio Supreme Court has held, a law must be upheld under the rational basis standard "if there is *any* reasonably conceivable state of facts that could provide a rational basis for the classification." *State v. Batista*, 151 Ohio St.3d 584, 2017-Ohio-

8304, 91 N.E.3d 724, ¶ 22 (emphasis added) (citing *Am. Assn. of Univ. Professors, Cent. State Univ. Chapter v. Cent. State Univ.*, 87 Ohio St.3d 55, 58, 717 N.E.3d 286 (1999)).  Moreover, like the federal standard, the Ohio Supreme Court has held that the city's "legislative choice is not subject to courtroom fact-finding and may be based upon rational speculation unsupported by evidence or empirical data." *Batista* at ¶ 22.  In defending an equal protection claim, therefore, the City has "no obligation to produce evidence to sustain the rationality of a statutory classification under Ohio's standard of rational-basis review." *Am. Assn. of University Prof.*, 87 Ohio St.3d at 60. Rather, "[t]he burden is on the one attacking the legislative arrangement to negative every conceivable basis which might support it." *Id.* at 58.

For this reason, the Sixth Circuit has expressly rejected the argument that the merits of an equal protection claim cannot be decided in the context of a Rule 12(b)(6) motion to dismiss.  *See In re City of Detroit*, 841 F.3d 684, 701 (6th Cir. 2016) (holding that "*Heller* applies at the pleading stage," and affirming dismissal of equal protection claim under Rule 12(b)(6)); *see also Midkiff v. Adams Cty. Regional Water Dist.*, 409 F.3d 758, 769-771, 773 (6th Cir. 2005) (affirming dismissal of substantive due process and equal protection claim under Rule 12(b)(6)). Indeed, in this case, dismissal is the appropriate remedy because it is clear as a matter of law that there is a rational basis for requiring property owners who reside outside of Cuyahoga County to register with the City in order to designate a local agent to receive notices of violation or service of process that may arise from a failure to comply with the City's property maintenance codes. *See Tarantino v. City of Hornell*, 615 F. Supp.2d 102, 118-119 (W.D.N.Y. 2009), *aff'd*, 378 Fed.Appx. 68 (2d Cir. 2010), *cert. denied*, 562 U.S. 1044 (2010); *Ewing Citizens for Civil Rights, Inc. v. Township of Ewing*, No. 05-1620 (MLC), 2007 WL 2065832 (D. N.J. July 13, 2007).

In *Tarantino*, for example, the district court was examining whether the City of Hornell, New York, violated equal protection by requiring a rental property owner who lived outside of the county to designate a local agent to receive service of process because, even though he did not reside in Hornell, he lived in New York State and was subject to "statewide service of process." *Id.*, 615 F. Supp. 2d at 119. Upon review, however, the Court upheld the out-of-county registration requirement because it found that "there are several apparent legitimate interests underlying the ordinance." *Id.* at 118. In particular, the Court stated:

> Here, there are several apparent legitimate interests underlying the ordinance. The minutes of the 2001 Common Council meeting at which § 120–1 was amended to provide for C.O., insurance and agent requirements indicate that: the City "ha[d] determined that absentee landlords [we]re a problem within the City of Hornell"; "it ha[d] been reported to the Common Council for the City of Hornell that it is difficult to serve various absentee landlords with legal process in that they cannot be located"; the Common Council was of the opinion "that the failure to contact absentee property owners ha[d] adversely affected the health and safety of the Citizens of the City of Hornell"; and the Common Council "wishe[d] to establish a procedure whereby a local individual can be notified in the event that a landlord is unable to be found...."

*Id.* at 118-119. In so doing, the court in *Tarantino* expressly rejected the argument that it was not rational to apply the registration requirement to residents of New York state who lived in other counties, holding that "these arguments require little comment" under the highly deferential rational basis standard of review. *Id.* at 119. "Whether the ordinance could have been 'better' drafted or more finely tuned is not the issue, nor is it the role of the Court to decide whether I would have drafted it in the exact same way." *Id.* Thus, the Court held that the ordinance at issue "*easily* passes constitutional muster" because "the requirements imposed on landlords clearly bear some rational connection to legitimate ends to be served by the ordinance." *Id.* (emphasis added).

The same conclusion should be reached in this case. The ordinance was <u>not</u> adopted to discriminate against owners of rental property that reside outside of Cuyahoga County. Rather, it was adopted for the same legitimate purposes that were upheld in *Tarantino* and *Ewing*. Indeed,

given that there is a rational basis for requiring out-of-county landlords to submit an annual registration application that designates a local agent to receive notices of violation and service of process, it equally follows that it is rational to charge a reasonable $100 registration fee to offset the costs of processing the registration applications and enforcing the out-of-county registration requirements. Again, the question presented does not require the Court to engage in courtroom fact finding to determine whether the $100 registration fee violates equal protection. Rather, under the rational basis standard, the Court needs only to determine whether there is any "plausible" reason for the out-of-county registration requirement because, as the Sixth Circuit has held, if "some plausible reason exists for the law—*any* plausible reason, even one that did not inspire the enacting legislators—the law must stand, no matter how unfair, unjust, or unwise the judges may see it as citizens." *Tiwari*, 26 F.4th at 361 (emphasis added).

In its Amended Complaint, Plaintiffs allege that the City's out-of-county registration requirement violates the Supreme Court's ruling in *Metropolitan Life Ins. Co. v. Ward*, 470 U.S. 869 (1985). This case is not applicable, however, because, as the Sixth Circuit explained in *McNeilus Truck and Mfg. Inc. v. Montgomery*, 226 F.3d 429 (2000), the sole interest advanced by the State in *Metropolitan Life* for taxing out-of-state businesses at a higher tax rate was "promoting domestic industry and local investment," which the Supreme Court determined was not a rational basis for the difference in treatment. *Id.* at 440 (citing *Metropolitan Life*, 470 U.S. at 879). Indeed, in *Metropolitan Life*, the Supreme Court *"*did not look behind the stated purposes" of the statute in ruling that this "stated purpose" could not withstand the rational basis standard of review. Thus, as the Sixth Circuit held in *McNeilus Truck*, the holding in *Metropolitan Life* does not apply if there are other "plausible" explanations for the law. *Id.* at 440 (upholding Ohio's licensing of vehicle remanufacturers because "the plausible, albeit dubious, explanations given by Ohio for the

17

statute suffice" to satisfy the rational basis standard). Accordingly, given that there are plausible reasons for the out-of-county registration requirement in this case, the Court should dismiss Count II for failure to state a claim.

> **B.** **The City's Out-Of-County Registration Requirement Does Not Violate Substantive Due Process Under The Rational Basis Standard of Review.**

For the same reasons, the Court should also dismiss the substantive due process claim alleged in Count II.  Under the substantive due process standard, a law or ordinance is also subject to the same highly deferential rational basis standard that applies to equal protection claims, which means that it must be upheld if there is any "plausible" reason for the law.  *Tiwari*, 26 F.4th at 361. Indeed, in Count Two, Plaintiffs treat their substantive due process and equal protection claims as if it were the same claim subject to the same standard of review. Accordingly, for the same reasons set forth above, the Court should dismiss the substantive due process claim alleged in Count Two. *Midkiff*, 409 F.3d at 769 (affirming dismissal of substantive due process claim based upon the same reasons for dismissing equal protection claim under Fed.R.Civ.P. 12(b)(6)).

**III. IF THE COURT DISMISSES COUNTS THREE AND FOUR, IT ALSO SHOULD DISMISS COUNT ONE AND FOUR OF THE AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND RESTITUTION.**

If the Court dismisses Counts Two and Three, it also should dismiss Counts One and Four because both claims are based entirely upon the legal conclusion that the out-of-county registration requirement is unconstitutional. (Doc.#5, Amd. Compl. ¶ 48-49, PageID#63, and ¶ 144, PageID#77). Indeed, it is well established that declaratory and injunctive relief "is a remedy, not a cause of action." *See Davis v. United States*, 499 F.3d 590, 594 (6th Cir. 2007) (citing *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950)) (explaining that the Declaratory Judgment Act, 28, U.S.C. § 2201, does not provide an independent cause of action; it is a remedy, not an independent claim); *Kaplan v. Univ. of Louisville*, 10 F.4th 569, 587 (6th Cir. 2021)

("Injunctive relief is not a cause of action, it is a remedy").  Moreover, with respect to the alleged takings claim, the proper remedy is not declaratory and injunctive relief.  *Tarrify Properties, LLC v. Cuyahoga Cnty.*, No. 1:19-CV-2293, 2022 WL 4243972, at *4 (N.D. Ohio Sept. 15, 2022). Accordingly, Count I should be dismissed.

Similarly, the "unjust enrichment" claim in Count IV should be dismissed because it also is based upon the allegation that the out-of-county registration requirement is unconstitutional. *See Halpern 2012*, 806 Fed.Appx. at 395-398 (affirming district court's denial of damages and restitution because  the underlying fees paid by the plaintiffs were not unconstitutional); *Barnes v. City of Cleveland*, No. 1:14 CV 1592, 2015 WL 5675099, at *4 (N.D. Ohio Sept. 25, 2015) (dismissing "unjust enrichment" claim as "moot" because it was "dependent on his first and third claims regarding the validity of C.C.O. 413.031").  Accordingly, if the Court dismisses Counts II and III, it also should dismiss Counts I and IV.

## IV.  THE TWO INDIVIDUAL DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY AND SHOULD BE DISMISSED FROM THIS CASE.

Finally, the Court should dismiss the two individuals named in the First Amended Complaint, Pamela Roessner and Gajane Zaharjan.  While it appears that both individuals were only sued in their official capacity for purposes of the claim for prospective injunctive relief,[2] the fact remains that any claim against the two individuals in their official capacity must be dismissed because such an official capacity claim is, in reality, a claim against the City itself.  *See Doe v.*

---

[2]  In general, a complaint should be construed as alleging a claim against a public official in their "official capacity only" unless it contains a "clear notification" that the individual has been sued in their personal capacity.  *Goodwin v. Summit County*, No. 5:14-CV-121, 2016 WL 5118310, at *9 (N.D. Ohio Sept. 21, 2016), *aff'd*, 703 F. App'x 379 (6th Cir. 2017) ("Absent a clear notification that defendants are being sued in their individual capacities, courts must assume that they are being sued in their official capacities, only") (citations omitted).

*Claiborne Cnty., Tenn. by and through Claiborne Cnty. Bd. of Educ.*, 103 F.3d 495, 509 (6th Cir. 1996); *Goodwin v. Summit County, Ohio*, 45 F. Supp. 3d 692, 699 (N.D. Ohio 2014) (dismissing official capacity claims because they were, in reality, a claim against the county).

Moreover, to the extent that the claims are alleged against Roessner and Zaharjan in their individual capacity, then they should be dismissed on qualified immunity grounds. *Citizens in Charge, Inc. v. Husted*, 810 F.3d 437, 441–44 (6th Cir. 2016). As the Sixth Circuit explained in *Citizens in Charge*, a public official is legally entitled to enforce a presumptively valid law without fear of incurring personal liability unless the law is "so grossly and flagrantly unconstitutional" that any reasonable officer would decline to enforce it. *Id.* at 442. The City's out-of-town registration ordinance does not come close to satisfying this extraordinarily high standard. Accordingly, both individuals should be dismissed from this case on qualified immunity grounds.

## CONCLUSION

For these reasons, the Court should dismiss this action, with prejudice, for failure to state to a claim and enter a final judgment on the pleadings in Defendant's favor.

Respectfully submitted,

/s/ Stephen W. Funk

William R. Hanna (0068705)
Director of Law
40 Severance Circle
Cleveland Heights, Ohio 44118
Telephone: (216) 377-1246
Email: whanna@ralaw.com

Stephen W. Funk (0058506)
ROETZEL & ANDRESS, LPA
222 South Main Street, Suite 400
Akron, OH 44308
Telephone:  (330) 849-6602
Email: sfunk@ralaw.com

Lisa A. Mack (0037180)
ROETZEL & ANDRESS, LPA
1375 East Ninth Street
One Cleveland Center, 10th Floor
Cleveland, Ohio 44114
Telephone: (216) 293-7526
Email: lmack@ralaw.com

*Attorneys for Defendants City of Cleveland Heights, Ohio, Pamela Roessner, and Gajane Zaharjan*

20

**CERTIFICATE OF COMPLIANCE**

Pursuant to N.D. Ohio Local Rule 7.1(f), I hereby certify that the foregoing Memorandum complies with the 20-page limitation for a memorandum filed in support of a dispositive motion in an unassigned case.

*/s/ Stephen W. Funk_____*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of April, 2023, a true and copy of the foregoing *Motion to Dismiss and/or for a Judgment on the Pleadings* was filed electronically with the Court.  Notice of this filing has been served upon counsel of record via the Court's electronic filing system. Access to this filing can be obtained via the Court's electronic filing system.

*/s/ Stephen W. Funk_____*