UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| THE CROSSROADS GROUP, LLC, *et al.*, | ) ) ) | Case No. 1:23-cv-00184 |
| | ) | Judge J. Philip Calabrese |
| Plaintiffs, | ) ) | |
| | ) | Magistrate Judge |
| v. | ) | Jennifer Dowdell Armstrong |
| | ) | |
| CITY OF CLEVELAND HEIGHTS, *et al.*, | ) ) | |
| | ) | |
| Defendants. | ) ) | |

## ORDER

Presently before the Court are the following substantive motions: Plaintiffs' motion for a preliminary injunction (ECF No. 6), Plaintiffs' motion for class certification (ECF No. 13), and Defendants' motion to dismiss or for judgment on the pleadings (ECF No. 15). Defendants filed an opposition to Plaintiffs' motion for a preliminary injunction (ECF No. 17), but all other deadlines are currently stayed (Order, Mar. 23, 2023; Minutes, Apr. 20, 2023).

The parties have presented competing options for how to proceed to resolution of these various motions. Plaintiffs describe their preferred course in a motion. (*See generally* ECF No. 18.) Specifically, they request that the Court (1) order them to file a consolidated response to Defendants' opposition and motion to dismiss, and (2) stay the deadline for that response until Defendants provide specified discovery. (*Id.*) Separately, Plaintiffs suggest that the Court should decide the parties' motions on the merits before class certification (*see, e.g.*, ECF No. 20), and Defendants appear to

agree (*see* ECF No. 14, PageID #189 & #190–91). Nor do Defendants oppose consolidation of briefing on the various motions. (ECF No. 19, PageID #345–46.) In doing so, however, Defendants insist that briefing on their motion to dismiss should occur without a delay for discovery. (*See generally* ECF No. 19.) After all, Defendants contend that neither of Plaintiffs' constitutional claims require fact discovery. (*Id.*, PageID #343.)

During the last status conference, the Court and counsel discussed other options. (*See* Minutes, Apr. 20, 2023.) For example, the Court proposed converting the parties' pending substantive motions to cross-motions for summary judgment. Defendants did not oppose conversion but requested that briefing on Plaintiffs' unconstitutional conditions and takings claim occur in two stages. In their view, the Court should first address whether the standard established by the Supreme Court in *Dolan v. City of Tigard*, 512 U.S. 374 (1994), and *Nollan v. California Coastal Commission*, 483 U.S. 825 (1987), applies here. (ECF No. 19, PageID #343.) If it does, then the parties would brief (and perform discovery on) whether Defendants satisfy that standard.

For the reasons that follow, the Court **GRANTS IN PART** Plaintiffs' procedural motion (ECF No. 18) and **ORDERS** the parties to proceed on the schedule and in the manner set forth below.

I.   **Addressing the Parties' Motions**

"[D]istrict courts ordinarily enjoy broad discretion in matters of pretrial management, scheduling, and docket control." *Kimble v. Hoso*, 439 F.3d 331, 336 (6th Cir. 2006) (citations omitted). In this case, the Court seeks to exercise that discretion

to reach the merits expeditiously. Based on consideration of the parties' arguments and authorities, the Court determines that the case should proceed in two stages: one directed at the merits and another for class certification.

### I.A. Cross-Motions

The Court will treat the parties' respective motions on the merits as cross-motions for summary judgment. Doing so is appropriate here because the parties generally agree that the case primarily presents issues of law—not disputes of fact. Summary judgment allows the Court to include any additional facts that might be relevant but that are not a part of the pleadings, with little if any need for further discovery. In doing so, the Court adopts Defendants' dual-briefing proposal regarding Plaintiffs' unconstitutional conditions and takings claim.

### I.B. Class Certification

Rule 23(c)(1)(A) requires district courts to resolve the issue of class certification "at an early practicable time." Fed. R. Civ. P. 23(c)(1)(A). Plaintiffs argue for deferring class certification until after a determination of the merits. The Court has reviewed Plaintiffs' authorities for that approach and a leading treatise on class actions—*Newberg and Rubenstein on Class Actions*. Based on that review, the Court finds such an approach inappropriate in this case. Although federal courts trend toward deferring ruling on a motion for class certification until after a dispositive motion, particularly a motion to dismiss, 3 *Newberg and Rubenstein on Class Actions* § 7:9 (6th ed.), the reasons for doing so do not appear to be present here. In such cases, class certification typically defers resolution of a dispositive motion with obvious merit or makes settlement of a dispute more difficult. Here, the parties'

3

vigorously advocate their respective positions, which present good-faith disputes of arguable merit, and settlement appears unlikely.

To be sure, some circumstances warrant ruling on a case's merits before class certification. *Id.* § 7:10–11. Indeed, Plaintiffs and Defendants direct the Court to a few such cases. (*See* ECF No. 14, PageID #189 & #190–91; ECF No. 20.) But the Court finds that none of those circumstances exist here. Notably, at this point in the proceedings, the Court cannot say that Plaintiffs' case "clearly lacks merit," nor can it "be disposed of quickly" such that the Court and parties can avoid the expense of adjudicating a class suit. 3 *Newberg and Rubenstein on Class Actions* § 7:8 (6th ed.).

Contrary to Plaintiffs' authorities, in the Court's view, this case does not present a good candidate for post-judgment class certification, if only because Defendants question whether the named Plaintiffs satisfy the Rule 23(a) requirements such that they can represent a class. Additionally, deferring a determination of class certification has the potential for one-way intervention or other case management problems that, depending on the basis for certification (if appropriate), unfairly change incentives for the parties and absent class members. Without first addressing Plaintiffs' motion for class certification, the Court finds these potential problems particularly acute here.

Accordingly, unless Plaintiffs withdraw their motion for class certification or Defendants stipulate to certification of a class, neither of which the Court anticipates either party will do, briefing on class certification proceedings, including any

4

necessary discovery, will need to precede a determination on summary judgment of the parties' competing claims and defenses.

## II. Case Management Schedule

Against the backdrop of that case management approach, the Court sets the following schedule:

| | |
|---|---|
| Serve Written Discovery Requests for Class Certification: | June 7, 2023 |
| Response to Written Discovery Requests: | June 21, 2023 |
| Class Certification Depositions: | July 5, 2023 |
| Opposition to Motion for Class Certification: | July 19, 2023 |
| Reply: | July 26, 2023 |

On the conclusion of briefing on the merits, the Court will set a hearing and arguments on Plaintiffs' motion for class certification as expeditiously as possible to allow the Court and parties to proceed to resolution of the merits as promptly as possible, regardless of the class certification ruling.

**SO ORDERED.**

Dated: May __, 2023

                                              J. Philip Calabrese
                                              United States District Judge
                                              Northern District of Ohio