### UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| THE CROSSROADS GROUP, LLC, et al., | : | Case No.  1:23-cv-00184 |
| | : | |
| Plaintiffs, | : | Judge J. Philip Calabrese |
| | : | |
| -vs- | : | |
| | : | |
| CITY OF CLEVELAND HEIGHTS, OHIO, et al., | : | |
| | : | |
| Defendants. | : | |

### DEFENDANTS' ANSWERS AND OBJECTIONS TO PLAINTIFF
### ANDREW STRIGLE'S FIRST SET OF DISCOVERY REQUESTS

Defendants City of Cleveland Heights, Ohio, Pamela Roessner, and Gajane Zaharjan (collectively "Defendants") hereby submit the following Objections and Answers to Plaintiff Andrew Strigle's First Set of Discovery Requests.

### GENERAL OBJECTIONS

1.    Defendants object to these Discovery Requests to the extent that they request the disclosure of privileged information protected by the attorney-client privilege and/or the attorney work product doctrine.

2.    Defendants object to these Discovery Requests to the extent that they seek to impose obligations that exceed the requirements of Fed. R. Civ. P. 26, 33 and 34 and the Local Rules for the Northern District of Ohio.

3.    Defendants object to these Discovery Requests to the extent that they seek information that is not relevant to the claims at issue in this case.  In this regard, Defendants object to the Discovery Requests on the ground that they seek information that is not relevant to the due process and equal protection claims alleged in the Amended Complaint.  As the Supreme

Court has held, the rational-basis standard of review does not involve "courtroom fact-finding" because any "plausible" reason for the legislation will suffice, even if it is based upon "rational speculation unsupported by evidence or empirical data." *See Heller v. Doe*, 509 U.S. 312, 320, 113 S.Ct. 2637, 125 L.Ed.2d 257 (1993); *Federal Communications Commission. v. Beach Comm., Inc.*, 508 U.S. 307, 314-315, 113 S. Ct. 2096, 124 L. Ed. 2d 211 (1993) (emphasis added). "Moreover, because [the courts] never require a legislature to articulate its reasons for enacting a statute, it is entirely irrelevant for constitutional purposes whether the conceived reason for the challenged distinction actually motivated the legislature," or if there is an "absence of 'legislative facts' explaining the distinction '[o]n the record.'"  *Id.* at 315.  Thus, the City responds to the Plaintiff's discovery requests subject to and without waiving any objections to the relevance of the information being requested.

<u>**ANSWERS AND OBJECTIONS TO INTERROGATORIES**</u>

Subject to and without waiving the foregoing general objections, Defendants answer Plaintiff's Interrogatories as follows:

<u>**INTERROGATORY NO. 1:**</u>      Identify the City of Cleveland Heights municipal code section that you believe imposes the "Outsiders Penalty" on owners of dwelling units who lease dwelling units they own to others while reside beyond the boundaries of Cuyahoga County.

<u>**ANSWER:**</u>      Defendants object to the term "Outsiders Penalty" as inaccurate and unnecessarily inflammatory, and as an intentionally misleading mischaracterization of the nature and purpose of the out-of-county registration fee for dwelling structures owned by persons residing outside Cuyahoga County who are required to designate an authorized agent for service of process and notices of violations of City ordinances related to the use or maintenance of the property or dwelling structure.  Defendants further object to this Interrogatory to the extent that it seeks information that is not relevant to the claims at issue in this case or is beyond the scope of the applicable statute of limitations.

2

Subject to and without waiving the foregoing objections, Defendants state that the City of Cleveland Heights does not impose an "Outsiders Penalty" on owners who lease dwelling units while residing beyond the boundaries of Cuyahoga County. Answering further, Defendants state that Codified Ordinances 1351.34 and 1369.16, as adopted in 2007, and as amended in December 2020 and June 2023, authorize the collection of a $100 registration fee from out-of-county owners of dwelling structures. A true and correct copy of the current version of Sections 1351.34 and 1369.16, as amended, is set forth in Ordinance No. 104-2023 that is attached hereto and incorporated herein by reference.

**INTERROGATORY NO. 2:**       Identify the criteria the City of Cleveland Heights uses to determine the address and/or residence of a property owner for the purposes of determining whether or not that property owner is required to pay the "Outsiders Penalty" to the City.

**ANSWER:**      Defendants object to the term "Outsiders Penalty" as inaccurate and unnecessarily inflammatory, and as an intentionally misleading mischaracterization of the nature and purpose of the out-of-county registration fee for dwelling structures owned by persons residing outside Cuyahoga County who are required to designate an authorized agent for service of process and notices of violations related to the use or maintenance of the property or dwelling structure. Defendants further object to this interrogatory because it seeks information that is not relevant to the legal issues raised in this litigation and is beyond the scope of the applicable statute of limitations. Subject to and without waiving the foregoing objections, Defendants state that the City of Cleveland Heights does not determine whether to impose an "Outsiders Penalty" on owners who lease dwelling units while residing beyond the boundaries of Cuyahoga County. Rather, in collecting the $100 out-of-county registration fee, the City relies upon the property owners to comply with the applicable ordinances and submit accurate information to the City in

3

submitting their annual out-of-county registration applications under Codified Ordinances 1351.34 and 1369.16, as adopted in 2007 and as amended in 2020 and 2023.

**INTERROGATORY NO. 3**:  Identify the total amount of annual fees collected from owners of dwelling units pursuant to the Outsiders Penalty in each of the following years:  2019, 2020, 2021, 2022, and 2023.

**ANSWER:**  Defendants object to the term "Outsiders Penalty" as inaccurate and unnecessarily inflammatory, and as an intentionally misleading mischaracterization of the nature and purpose of the out-of-county registration fee for dwelling structures owned by persons residing outside Cuyahoga County who are required to designate an authorized agent for service of process and notices of violations of City ordinances related to the use or maintenance of the property or dwelling structure.  Defendants further object to this interrogatory because it seeks information that is not relevant to the legal issues raised in this litigation and is beyond the scope of the applicable statute of limitations.  Subject to and without waiving the foregoing objections, the total amount of annual out-of-county registration fees collected by the City of Cleveland Heights for the years for years 2021 through 2023 is as follows:

2021 - $176,350

2022 - $148,000

2023 - $  64,300

**INTERROGATORY NO. 4:**  Provide a dollar-by-dollar breakdown of precisely how each dollar identified above has been spent by the City of Cleveland Heights.

**ANSWER:**  Defendants object to this Interrogatory because it seeks information that is not relevant to the legal issues raised in this litigation and is beyond the scope of the applicable two-year statute of limitations.  Subject to and without waiving the foregoing objections, Defendants lack sufficient information or knowledge to answer this interrogatory because all of the out-of-

county registration fees identified above are deposited into the City's General Fund, and the City does not separately record or separately track of how the out-of-county registration fees are deposited into the General Fund are expended by the City.

**INTERROGATORY NO. 5:**  Identify all costs to the City, in dollars, of what you have characterized in *Doc. 11, PageID 122* as "[service on] out-of-county property owners who failed to maintain the condition of local residential dwellings" for each of the following years:  2019, 2020, 2021, 2022, and 2023.

**ANSWER:**  Defendants object to this Interrogatory because it seeks information that is not relevant to the legal issues raised in this litigation and is beyond the scope of the applicable two-year statute of limitations. Subject to and without waiving the foregoing objections, Defendants lack sufficient information or knowledge to answer this interrogatory because the City of Cleveland does not keep track of the total amount of costs incurred by the City as a result of out-of-county property owners who fail to maintain the condition of local residential dwellings.

**INTERROGATORY NO. 6:**  Identify all instances of what you have characterized in *Doc. 11, PageID 122* as "[service on] out-of-county property owners who failed to maintain the condition of local residential dwelling" for each of the following years:  2019, 2020, 2021, 2022, and 2023.

**ANSWER:**  Defendants object to this Interrogatory because it seeks information that is not relevant to the legal issues raised in this litigation and is beyond the scope of the applicable two-year statute of limitations. Subject to and without waiving the foregoing objections, Defendants lack sufficient information or knowledge to answer this Interrogatory because the City of Cleveland Heights does not separately track whether the owner who fails to maintain the condition of a local dwelling unit resides outside Cuyahoga County.  Defendants reserve the right to supplement their Answer to this Interrogatory.

**INTERROGATORY NO. 7:** Identify each and every reason the generally applicable registration and designation requirements, specified in Cleveland Heights Municipal Code Section 1347.02, of a "name, address and telephone number of the owner of the property, the name address and telephone number of the agent or person in charge of the property," and "the name and address of the resident agent in charge of the building or structure, and the name and address of the nonresident agent, if any," are insufficient to advance the governmental interests that you believe require the Outsiders Penalty.

**ANSWER:**    Defendants object to the term "Outsiders Penalty" as inaccurate and unnecessarily inflammatory, and as an intentionally misleading mischaracterization of the nature and purpose of the out-of-county registration fee for dwelling structures owned by persons residing outside Cuyahoga County who are required to designate an authorized agent for service of process and notices of violations of City ordinances related to the use or maintenance of the property or dwelling structure.  Defendants further object to this Interrogatory because it seeks information that is not relevant to the legal issues raised in this litigation and is beyond the scope of the applicable statute of limitations.  Defendants further object to this Interrogatory because it seeks a legal conclusion and on the ground that it requests the disclosure of opinion attorney work product.

Subject to and without waiving the foregoing objections, Defendants state that the Codified Ordinances of the City of Cleveland Heights speak for themselves.  Further, Codified Ordinance Section 1347.02 does not include the language purported to be quoted from that Section in Interrogatory No. 7. The generally applicable registration and designation requirements specified in Sections 1347.02 and 1347.03 of the Codified Ordinances are not sufficient to address the unique problems and issues arising from out-of-county property owners because they do not require the designation of a local agent of an out-of-county owner renting residential dwellings in the City and do not require the designation of a local agent for service of process and notification of Housing Code violations related to the use or maintenance of the

6

property or dwelling structure.  Moreover, Sections 1347.02 and 1347.03 do not require the agreement of the out-of-county property owner and the local agent to appear in court when summoned, for the local agent to testify on behalf of the property owner, and for the local agent's testimony to be binding upon the owner in any administrative enforcement or court proceeding instituted by the City.  The out-of-county registration requirements are designed to close this loophole and to advance the public health, safety, and welfare of the community in addressing the unique issues and unique problems arising from absentee landlords who are located outside of the county and who are more difficult than in-county property owners to identify, locate, contact, and/or serve in enforcing City's Residential Housing and Building Codes and in remedying or correcting any violations or other issues.

**INTERROGATORY NO. 8:**  Identify with specificity all individualized written notifications, threats, notices, and service, related to the condition of a specific Cleveland Heights dwelling issued by the City of Cleveland Heights to property owners of leased dwelling units who reside *within* Cuyahoga County, Ohio for each of the following years:  2019, 2020, 2021, 2022, and 2023.

**ANSWER:**    The City objects to this Interrogatory on the ground that it is overly broad, unduly burdensome, and seeks information that is not relevant to the legal issues raised in this litigation. Defendants further object to this Interrogatory on the ground that it seeks information that is beyond the scope of the applicable two-year statute of limitations.  Subject to and without waiving the foregoing objections, the City lacks sufficient information or knowledge to answer this Interrogatory because it does not separately track whether the owner of a dwelling unit that becomes the subject of a notice of violation resides inside Cuyahoga County.

**INTERROGATORY NO. 9:**        Identify whether Defendant Pamela Roessner has at all times accurately enforced the "Outsiders Penalty" when corresponding with Plaintiffs, applying it to Plaintiff, and otherwise.

**ANSWER:**    Defendants object to the term "Outsiders Penalty" as inaccurate and unnecessarily inflammatory, and as an intentionally misleading mischaracterization of the nature and purpose of the out-of-county registration fee for dwelling structures owned by persons residing outside Cuyahoga County who are required to designate an authorized agent for service of process and notices of violations of City ordinances related to the use or maintenance of the property or dwelling structure.  Defendants further object to this interrogatory because it seeks information that is not relevant to the legal issues raised in this litigation and is beyond the scope of the applicable statute of limitations.  Subject to and without waiving the foregoing objections, Defendants state that City of Cleveland Heights does not enforce an "Outsiders Penalty." Answering further, Defendants state that they are not aware of any instance in which Defendant Pamela Roessner has enforced the out-of-county registration requirement in a manner that is not authorized by Codified Ordinances 1351.34 and 1369.16, as adopted in 2007, and as amended in December 2020 and June 2023.

**INTERROGATORY NO. 10:**        Identify whether Defendant Gajane Zaharjan has at all times accurately enforced the "Outsiders Penalty" when corresponding with Plaintiffs, applying it to Plaintiffs, and otherwise.

**ANSWER:**    Defendants object to the term "Outsiders Penalty" as inaccurate and unnecessarily inflammatory, and as an intentionally misleading mischaracterization of the nature and purpose of the out-of-county registration fee for dwelling structures owned by persons residing outside Cuyahoga County who are required to designate an authorized agent for service of process and notices of violations of City ordinances related to the use or maintenance of the property or dwelling structure.  Defendants further object to this interrogatory because it seeks information

that is not relevant to the legal issues raised in this litigation and is beyond the scope of the applicable statute of limitations.  Subject to and without waiving the foregoing objections, Defendants state that City of Cleveland Heights does not enforce an "Outsiders Penalty." Answering further, Defendants state that they are not aware of any instance in which Defendant Gajane Zaharjan has enforced the out-of-county registration requirement in a manner that is not authorized by Codified Ordinances 1351.34 and 1369.16, as adopted in 2007, and as amended in December 2020 and June 2023.

**INTERROGATORY NO. 11:**  If your response to Interrogatories 9 or 10 above is anything other than unequivocally affirmative, identify, describe, and explain each and every statement or action by Defendants that does not accurately reflect your policies, practices, and/or customs, including why it does not so reflect these polices, practices and/or customs.

**ANSWER:**  Defendants incorporate by reference their Answers and Objections to Interrogatory No. 9 and 10.  Answering further, Defendants state that the City of Cleveland Heights has not adopted any policy, practice, or custom relating to enforcement of the out-of-county registration requirement, other than the ordinances adopted and amended by the Cleveland Heights City Council.

**INTERROGATORY NO. 12:**  Identify the person or persons with the greatest knowledge, as known to you, related to how the "Outsiders Penalty" is enforced.

**ANSWER:**  Defendants object to the term "Outsiders Penalty" as inaccurate and unnecessarily inflammatory, and as an intentionally misleading mischaracterization of the nature and purpose of the out-of-county registration fee for dwelling structures owned by persons residing outside Cuyahoga County who are required to designate an authorized agent for service of process and notices of violations of City ordinances related to the use or maintenance of the property or dwelling structure.  The City does not enforce an "Outsiders Penalty."  Defendants further object

to this Interrogatory because it seeks information that is not relevant to the legal issues raised in this litigation and is beyond the scope of the applicable statute of limitations.  Subject to and without waiving the foregoing objections, Defendants state that Allan Butler is the person who has the most knowledge about the enforcement of the City's out-of-county registration requirement.

**INTERROGATORY NO. 13:**      Identify any and all evidence in support of the proposition that the Outsiders Penalty is necessary to effectuate and/or fund service of process on owners of leased dwelling units who reside beyond the limits of Cuyahoga County, as suggested by you in *Doc. 11, PageID 122*.

**ANSWER:**      Defendants object to the term "Outsiders Penalty" as inaccurate and unnecessarily inflammatory, and as an intentionally misleading mischaracterization of the nature and purpose of the out-of-county registration fee for dwelling structures owned by persons residing outside Cuyahoga County who are required to designate an authorized agent for service of process and notices of violations of City ordinances related to the use or maintenance of the property or dwelling structure.  Defendants also object to this Interrogatory because it seeks information that is not relevant to the legal issues raised in this litigation and is beyond the scope of the applicable statute of limitations.  Defendants further object to this Interrogatory on the ground that it requests the disclosure of opinion attorney work product and improperly calls for Defendants' attorneys to write a "white paper" that discloses all of the evidence that Defendants' attorneys intend to rely upon to support the constitutionality of the out-of-county registration requirement.

Subject to and without waiving the foregoing objections, Defendants state that the Minutes from the Cleveland Heights City Council Meetings in August 2007 set forth the original reasons for why the City Council adopted the out-of-county registration requirement, which was adopted in order to "close a loophole" in the City's enforcement of its property maintenance

ordinances by ensuring that out-of-county property owners appoint a local agent who can receive service of process for purposes of serving notices of violations or any other type of enforcement actions.  The City further references the reasons set forth in the December 2020 and June 2023 ordinances that amended the City's codified ordinances relating to the out-of-county registration requirement, which further explain that the out-of-county registration requirement seeks to advance the public health, safety, and welfare of the community in addressing the unique issues and problems arising from absentee landlords who are located outside of the county and who are more difficult than in-county property owners to identify, locate, contact, and/or serve in enforcing City's Residential Housing and Building Codes and in remedying or correcting any violations or other issues.

Answering further, Defendants state that the negative impacts to the City and its residents that are sought to be addressed by the out-of-county registration requirement and related fee include, but are not limited to, the practical difficulty of enforcing the City's Housing Code against owners who cannot be identified, located, contacted or served with process when there are violations of the City's ordinances, and the practical difficulty of City police officers and firefighters in identifying, locating, or contacting a responsible party when called to investigate and respond to incidents at rental dwellings.  The problems associated with and arising from out-of-county landlords who are more difficult to identify, locate, contact, and serve than in-county landlords include but are not limited to a general feeling of poor maintenance and neglect pervading the community, the loss of historic architectural integrity of the City's housing stock, the inability to hold absentee owners responsible for the effects of failure to maintain properties to code requirements which results in falling property values and quality of life issues for the residents of the City who are properly maintaining their properties and experiencing decline in

11

their residential experience through no fault of their own, thereby increasing citizen complaints of housing code violations requiring City response and expense.  Statistics reported by studies on the negative impacts of real estate investment by out-of-county landlords on the Cuyahoga County housing market have been reported, for example, in *The Impact of Real Estate Investor Activity on the Cuyahoga County, Ohio Housing Market 2004-2020*, prepared by the Vacant and Abandoned Property Action Council, which is being produced in response to these discovery requests, CH 000222-000265.  Defendants reserve the right to supplement this response.

**INTERROGATORY NO. 14:**  Identify any and all evidence in support of the proposition that the Outsiders Penalty is necessary "to maintain the condition of local residential dwellings," as suggested by you in *Doc. 11, PageID 122.*

**ANSWER:**    Defendants object to the term "Outsiders Penalty" as inaccurate and unnecessarily inflammatory, and as an intentionally misleading mischaracterization of the nature and purpose of the out-of-county registration fee for dwelling structures owned by persons residing outside Cuyahoga County who are required to designate an authorized agent for service of process and notices of violations of City ordinances related to the use or maintenance of the property or dwelling structure.  Defendants also object to this Interrogatory because it seeks information that is not relevant to the legal issues raised in this litigation and is beyond the scope of the applicable statute of limitations.  Defendants further object to this Interrogatory on the ground that it requests the disclosure of opinion attorney work product and improperly calls for Defendants' attorneys to write a "white paper" that discloses all of the evidence that Defendants' attorneys intend to rely upon to support the constitutionality of the out-of-county registration requirement.

Subject to and without waiving the foregoing objections, Defendants state that the Minutes from the Cleveland Heights City Council Meetings in August 2007 set forth the original reasons for why the City Council adopted the out-of-county registration requirement, which was

adopted in order to "close a loophole" in the City's enforcement of its property maintenance ordinances by ensuring that out-of-county property owners appoint a local agent who can receive service of process for purposes of serving notices of violations or any other type of enforcement actions. The City further references the reasons set forth in the December 2020 and June 2023 ordinances that amended the City's codified ordinances relating to the out-of-county registration requirement, which further explain that the out-of-county registration requirement seeks to advance the public health, safety, and welfare of the community in addressing the unique issues and problems arising from absentee landlords who are located outside of the county and who are more difficult than in-county property owners to identify, locate, contact, and/or serve in enforcing City's Residential Housing and Building Codes and in remedying or correcting any violations or other issues.

Answering further, the City states that the negative impacts to the City and its residents that are sought to be addressed by the out-of-county registration requirement and related fee include, but are not limited to, the practical difficulty of enforcing the City's Housing Code against owners who cannot be identified, located, contacted or served with process when there are violations of the City's ordinances, and the practical difficulty of City police officers and firefighters in identifying, locating, or contacting a responsible party when called to investigate and respond to incidents at rental dwellings. The problems associated with and arising from out-of-county landlords who are more difficult to identify, locate, contact, and serve than in-county landlords include but are not limited to a general feeling of poor maintenance and neglect pervading the community, the loss of historic architectural integrity of the City's housing stock, the inability to hold absentee owners responsible for the effects of failure to maintain properties to code requirements which results in falling property values and quality of life issues for the

residents of the City who are properly maintaining their properties and experiencing decline in their residential experience through no fault of their own, thereby increasing citizen complaints of housing code violations requiring City response and expense.  Statistics reported by studies on the negative impacts of real estate investment by out-of-county landlords on the Cuyahoga County housing market have been reported, for example, in *The Impact of Real Estate Investor Activity on the Cuyahoga County, Ohio Housing Market 2004-2020*, prepared by the Vacant and Abandoned Property Action Council, which is being produced in response to these discovery requests, CH 000222-000265.  Defendants reserve the right to supplement this response.

**INTERROGATORY NO. 15:**      Identify any and all evidence demonstrating that the City of Cleveland Heights, in the absence of the Outsiders Penalty, is unable to serve or otherwise notify owners of dwelling units residing beyond the limits of Cuyahoga County of infirmities in Cleveland Heights dwelling units they own and lease to others.

**ANSWER:**    Defendants object to the term "Outsiders Penalty" as inaccurate and unnecessarily inflammatory, and as an intentionally misleading mischaracterization of the nature and purpose of the out-of-county registration fee for dwelling structures owned by persons residing outside Cuyahoga County who are required to designate an authorized agent for service of process and notices of violations of City ordinances related to the use or maintenance of the property or dwelling structure.  Defendants also object to this Interrogatory because it seeks information that is not relevant to the legal issues raised in this litigation and is beyond the scope of the applicable statute of limitations.  Defendants further object to this Interrogatory on the ground that it requests the disclosure of opinion attorney work product and improperly calls for Defendants' attorneys to write a "white paper" that discloses all of the evidence that Defendants' attorneys intend to rely upon to support the constitutionality of the out-of-county registration requirement.

Subject to and without waiving the foregoing objections, Defendants state that the Minutes from the Cleveland Heights City Council Meetings in August 2007 set forth the original reasons for why the City Council adopted the out-of-county registration requirement, which was adopted in order to "close a loophole" in the City's enforcement of its property maintenance ordinances by ensuring that out-of-county property owners appoint a local agent who can receive service of process for purposes of serving notices of violations or any other type of enforcement actions.  The City further references the reasons set forth in the December 2020 and June 2023 ordinances that amended the City's codified ordinances relating to the out-of-county registration requirement, which further explain that the out-of-county registration requirement seeks to advance the public health, safety, and welfare of the community in addressing the unique issues and problems arising from absentee landlords who are located outside of the county and who are more difficult than in-county property owners to identify, locate, contact, and/or serve in enforcing City's Residential Housing and Building Codes and in remedying or correcting any violations or other issues.

Answering further, the City states that the negative impacts to the City and its residents that are sought to be addressed by the out-of-county registration requirement and related fee include, but are not limited to, the practical difficulty of enforcing the City's Housing Code against owners who cannot be identified, located, contacted or served with process when there are violations of the City's ordinances, and the practical difficulty of City police officers and firefighters in identifying, locating, or contacting a responsible party when called to investigate and respond to incidents at rental dwellings.  The problems associated with and arising from out-of-county landlords who are more difficult to identify, locate, contact, and serve than in-county landlords include but are not limited to a general feeling of poor maintenance and neglect

pervading the community, the loss of historic architectural integrity of the City's housing stock, the inability to hold absentee owners responsible for the effects of failure to maintain properties to code requirements which results in falling property values and quality of life issues for the residents of the City who are properly maintaining their properties and experiencing decline in their residential experience through no fault of their own, thereby increasing citizen complaints of housing code violations requiring City response and expense. Statistics reported by studies on the negative impacts of real estate investment by out-of-county landlords on the Cuyahoga County housing market have been reported, for example, in *The Impact of Real Estate Investor Activity on the Cuyahoga County, Ohio Housing Market 2004-2020*, prepared by the Vacant and Abandoned Property Action Council, which is being produced in response to these discovery requests, CH 000222-000265. Defendants reserve the right to supplement this response.

**INTERROGATORY NO. 16:** Identify each and every reason why the City imposes the Outsiders Penalty on the basis of residence of the owner of a leased dwelling unit rather than on the basis of harm caused, costs inflicted, or nuisances created by the owner of a leased dwelling unit.

**ANSWER:** Defendants object to the term "Outsiders Penalty" as inaccurate and unnecessarily inflammatory, and as an intentionally misleading mischaracterization of the nature and purpose of the out-of-county registration fee for dwelling structures owned by persons residing outside Cuyahoga County who are required to designate an authorized agent for service of process and notices of violations of City ordinances related to the use or maintenance of the property or dwelling structure. Defendants also object to this Interrogatory because it seeks information that is not relevant to the legal issues raised in this litigation and is beyond the scope of the applicable statute of limitations. Defendants further object to this Interrogatory on the ground that it requests the disclosure of opinion attorney work product and improperly calls for Defendants'

16

attorneys to write a "white paper" that discloses all of the evidence that Defendants' attorneys intend to rely upon to support the constitutionality of the out-of-county registration requirement.

Subject to and without waiving the foregoing objections, Defendants state that the Minutes from the Cleveland Heights City Council Meetings in August 2007 set forth the original reasons for why the City Council adopted the out-of-county registration requirement, which was adopted in order to "close a loophole" in the City's enforcement of its property maintenance ordinances by ensuring that out-of-county property owners appoint a local agent who can receive service of process for purposes of serving notices of violations or any other type of enforcement actions.  In this regard, the City's out-of-county registration requirement seeks to advance the public health, safety, and welfare of the community in addressing the unique issues and problems arising from absentee landlords who are located outside of the county and who are more difficult than in-county property owners to identify, locate, contact, and/or serve in enforcing City's Residential Housing and Building Codes and in remedying or correcting any violations or other issues.

Answering further, the City states that the negative impacts to the City and its residents that are sought to be addressed by the out-of-county registration requirement and related fee include, but are not limited to, the practical difficulty of enforcing the City's Housing Code against owners who cannot be identified, located, contacted or served with process when there are violations of the City's ordinances, and the practical difficulty of City police officers and firefighters in identifying, locating, or contacting a responsible party when called to investigate and respond to incidents at rental dwellings.  The problems associated with and arising from out-of-county landlords who are more difficult to identify, locate, contact, and serve than in-county landlords include but are not limited to a general feeling of poor maintenance and neglect

pervading the community, the loss of historic architectural integrity of the City's housing stock, the inability to hold absentee owners responsible for the effects of failure to maintain properties to code requirements which results in falling property values and quality of life issues for the residents of the City who are properly maintaining their properties and experiencing decline in their residential experience through no fault of their own, thereby increasing citizen complaints of housing code violations requiring City response and expense.  Statistics reported by studies on the negative impacts of real estate investment by out-of-county landlords on the Cuyahoga County housing market have been reported, for example, in *The Impact of Real Estate Investor Activity on the Cuyahoga County, Ohio Housing Market 2004-2020*, prepared by the Vacant and Abandoned Property Action Council, which is being produced in response to these discovery requests, CH 000222-000265.  Defendants reserve the right to supplement this response.

**INTERROGATORY NO. 17:**  Identify each and every reason why  "insurance counsel" is not "defending the lawsuit," as you indicated at *Doc. 11, PageID 121*.

**ANSWER:**  Defendants object to this Interrogatory on the grounds that it seeks information that is not relevant to the claims alleged in the Amended Complaint and seeks the disclosure of attorney work product.  Subject to and without this objection, Defendants state that the City's liability insurer denied coverage for the claims alleged in this case.

**INTERROGATORY NO. 18:**  Identify each and every reason there is an "essential nexus" between the governmental interests you have identified in support of the Outsiders Penalty and the Outsiders Penalty.

**ANSWER:**  Defendants object to this interrogatory on the basis that the City does not have an "Outsiders Penalty."  Defendants also object to this Interrogatory because it seeks information that is not relevant to the legal issues raised in this litigation and is beyond the scope of the

applicable statute of limitations.  Defendants further object to this Interrogatory on the ground that it requests the disclosure of opinion attorney work product and improperly calls for Defendants' attorneys to write a "white paper" that discloses all of the evidence that Defendants' attorneys intend to rely upon to support the constitutionality of the out-of-county registration requirement.  Defendants further object to this Interrogatory because the City does not have any legal obligation to satisfy an "essential nexus" justification for the out-of-county registration requirement.  Subject to and without waiving the foregoing objections, Defendants incorporate by reference its Answers to Interrogatory Nos. 13-16 above.

**INTERROGATORY NO. 19:**    Identify and describe all assessments undertaken, individualized and otherwise, in creating the Outsiders Penalty and setting the amount of the Outsiders Penalty.

**ANSWER:**    Defendants object to this interrogatory on the basis that the City does not have an "Outsiders Penalty."  Defendants further object to this interrogatory on the ground that it is vague in that it does not provide a definition of the word "assessments."  Defendants also object to this Interrogatory because it seeks information that is not relevant to the legal issues raised in this litigation and is beyond the scope of the applicable statute of limitations.  Subject to and without waiving the foregoing objections, Defendants state that the Council of the City of Cleveland Heights has exercised its legislative authority and discretion in adopting an out-of-county registration requirement in order to address the unique issues and problems arising from absentee landlords who are located outside of the county and who are more difficult than in-county property owners to identify, locate, contact, and/or serve in enforcing City's Residential Housing and Building Codes and in remedying or correcting any violations or other issues.  In so doing, the City may impose reasonable fees to offset the costs of advancing those interests without examining any evidence to determine the exact amount of such future costs.

**INTERROGATORY NO. 20:**  Identify each and every reason you believe there is "rough proportionality" between the amount of the Outsider's Penalty and the negative impact(s) of property owners residing outside of Cuyahoga County leasing Cleveland Heights dwellings they own.

**ANSWER:**    Defendants object to this Interrogatory on the basis that the City does not have an "Outsiders Penalty."  Defendants further object to this Interrogatory because it calls for a legal conclusion and requests the disclosure of opinion attorney work product.  Defendants also object to this Interrogatory because it seeks information that is not relevant to the legal issues raised in this litigation and is beyond the scope of the applicable statute of limitations.  Defendants further object to this Interrogatory on the ground that it requests the disclosure of opinion attorney work product and improperly calls for Defendants' attorneys to write a "white paper" that discloses all of the evidence that Defendants' attorneys intend to rely upon to support the constitutionality of the out-of-county registration requirement. Defendants further object to this Interrogatory because the City does not have any legal obligation to satisfy a "rough proportionality" standard for the out-of-county registration requirement.  Subject to and without waiving the foregoing objections, Defendants incorporate by reference its Answers and Objections to Interrogatory No. 13-16 and 19 above.


**INTERROGATORY NO. 21:**        Identify all types of "negative impacts" you relied upon to answer the foregoing Interrogatory.

**ANSWER:**    Defendants incorporate its Answers and Objections to Interrogatory No. 20 above. Subject to and without waiving such objections, Defendants state that the City's out-of-county registration requirement seeks to advance the public health, safety, and welfare of the community in addressing the unique issues and problems arising from absentee landlords who are located outside of the county and who are more difficult than in-county property owners to identify,

locate, contact, and/or serve in enforcing City's Residential Housing and Building Codes and in remedying or correcting any violations or other issues.  Answering further, the City states that the negative impacts to the City and its residents that are sought to be addressed by the out-of-county registration requirement and related fee include, but are not limited to, the practical difficulty of enforcing the City's Housing Code against owners who cannot be identified, located, contacted or served with process when there are violations of the City's ordinances, and the practical difficulty of City police officers and firefighters in identifying, locating, or contacting a responsible party when called to investigate and respond to incidents at rental dwellings.  The problems associated with and arising from out-of-county landlords who are more difficult to identify, locate, contact, and serve than in-county landlords include but are not limited to a general feeling of poor maintenance and neglect pervading the community, the loss of historic architectural integrity of the City's housing stock, the inability to hold absentee owners responsible for the effects of failure to maintain properties to code requirements which results in falling property values and quality of life issues for the residents of the City who are properly maintaining their properties and experiencing decline in their residential experience through no fault of their own, thereby increasing citizen complaints of housing code violations requiring City response and expense.  Statistics reported by studies on the negative impacts of real estate investment by out-of-county landlords on the Cuyahoga County housing market have been reported, for example, in *The Impact of Real Estate Investor Activity on the Cuyahoga County, Ohio Housing Market 2004-2020*, prepared by the Vacant and Abandoned Property Action Council, which is being produced in response to these discovery requests, CH 000222-000265.  Defendants reserve the right to supplement this response.

**INTERROGATORY NO. 22:**  Identify how your process for notifying a property owner who resides *beyond* Cuyahoga County of a problem with a property that individual or entity owns differs from your process for notifying a property owner who resides *within* Cuyahoga County of a problem with a property that individual or entity owns.

**ANSWER:**  Defendants object to the form of this Interrogatory because it calls for a response to a question based on an inaccurate premise that the process of notification differs under the City's current requirements.  Defendants also object to this Interrogatory because it seeks information that is not relevant to the legal issues raised in this litigation and is beyond the scope of the applicable statute of limitations.  Subject to and without waiving the foregoing objections, Defendants state that one of the purposes of the out-of-county registration requirement is to minimize the negative impacts caused by absentee landlords who are located outside of the county and who are more difficult than in-county property owners to identify, locate, contact, and/or serve in enforcing City's Residential Housing and Building Codes and in remedying or correcting any violations or other issues.  In so doing, the out-of-county registration requirement seeks to advance the public health, safety, and welfare by requiring out-of-county property owners to designate a local agent purpose of receiving notices and service of process, and to ensure that the local agent will be authorized by the out-of-county property owner to appear in court when summoned, and to testify on behalf of the property owner in a manner that will be binding upon the out-of-county property owner in any administrative enforcement or judicial proceeding instituted by the City.  By definition, the process is different because the out-of-county property owner must designate an in-county agent to receive service of process and notices on its behalf and to testify on behalf of the property owner in any administrative and judicial proceedings.

**INTERROGATORY NO. 23:**  Identify the total amount of revenue the City of Cleveland Heights has collected in registration fees mandated by Municipal Code Section 1347.05 (Doc. 5-2, PageID 84) in each of the following years:  2019, 2020, 2021, 2022, and 2023.

**ANSWER:**  Defendants object to this Interrogatory because it seeks information that is not relevant to the legal issues raised in this litigation and is beyond the scope of the applicable statute of limitations.  Subject to and without such Objections, Defendants state that Section 1347.05 of the Codified Ordinances of the City of Cleveland Heights does not mandate the collection of registration fees.


**INTERROGATORY NO. 24:**  Identify all unique services, benefits, privileges, and/or opportunities provided by the City of Cleveland Heights to property owners who own and lease dwellings within the City of Cleveland Heights while residing beyond the borders of Cuyahoga County.

**ANSWER:**  The City objects to this interrogatory on the grounds that it is overly broad and burdensome, and on the ground that the requested information is not relevant to the subject litigation.  Subject to and without waiving the foregoing objections, the City states that out-of-county property owners who rent or lease residential dwellings in the City of Cleveland Heights are privileged to engage in the business of renting property in the uniquely desirable, diverse, and welcoming community of Cleveland Heights and to realize the profits therefrom.  The annual out-of-county registration requirement was adopted by City Council to advance the public health, safety, and welfare of the community in addressing the unique issues and problems arising from absentee landlords who are located outside of the county and who are more difficult than in-county property owners to identify, locate, contact, and/or serve in enforcing City's Residential Housing and Building Codes and in remedying or correcting any violations or other issues.  In this regard, the City has the authority to charge a reasonable out-of-county registration fee to offset the costs associated with advancing the foregoing interests.

**INTERROGATORY NO. 25:**  Identify all costs to the City, in dollars, of what you have characterized in *Doc. 11, PageID 122* as "[service on] out-of-county property owners who failed to maintain the condition of local residential dwellings" for each of the following years:  2019, 2020, 2021, 2022, and 2023.

**ANSWER:**  Defendants object to this Interrogatory as duplicative of Interrogatory No. 5. Subject to and without waiving this objection, Defendants incorporate their Answers and Objections to Interrogatory No. 5 as if fully written herein.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

*Please produce:*

1.    All documents relied upon in responding to any and all of the foregoing Interrogatories, including data, schedules, or others lists identifying funds collected, funds spent, and individuals or entities notified.

**RESPONSE:**

Defendants object to this request on the ground that it is overly broad and unduly burdensome, and fails to identify any particular category of documents with particularity, but calls upon the Defendant to determine the relevance of every document in the City's possession. Subject to and without waiving the foregoing objections, Defendants refer Plaintiffs to the Bates stamped documents CH001-161, previously produced on May 22, 2023, and the additional documents that are being produced by the City of Cleveland Heights in response to these discovery requests.

2.    All documents displaying all assessments undertaken and analysis performed prior to or concomitant to the initial imposition of the Outsiders Penalty.

**RESPONSE:** The City objects to the use of the term "Outsiders Penalty," which is not an accurate description of the out-of-county owner registration requirement.  Defendants further object to this Interrogatory on the ground that it is vague in that it does not provide a definition of the word "assessments."   Defendants also object to this Interrogatory because it seeks

information that is not relevant to the legal issues raised in this litigation and is beyond the scope of the applicable statute of limitations.  Subject to and without waiving the foregoing objections, Defendants state that the Council of the City of Cleveland Heights has exercised its legislative authority and discretion in adopting an out-of-county registration requirement in order to address the unique issues and problems arising from absentee landlords who are located outside of the county and who are more difficult than in-county property owners to identify, locate, contact, and/or serve in enforcing City's Residential Housing and Building Codes and in remedying or correcting any violations or other issues.  In so doing, the City refers Plaintiffs to the documents that were produced on May 22, 2023, Bates-stamped CH 00001-000161, as well as the additional documents being produced in response to these discovery requests.

3.    All documents (including without limitations correspondence, emails, texts, memoranda, studies, guidlines), from January 1, 2019 to the present, related to or referring to the imposition of additional monetary assessments on property owners dwelling beyond the boundaries of Cuyahoga County while owning and leasing homes within the City of Cleveland Heights.

**RESPONSE:**  The City objects to this request because it is vague, ambiguous, overly broad, and fails to define "additional monetary assessments," such that the City is unable to formulate a reasonable search for responsive documents.  Defendants further object to this request because it fails to identify any particular category of documents with particularity, but calls upon the Defendant to determine the relevance of every document in the City's possession. Subject to and without waiving the foregoing objections, please see the Bates stamped documents CH001-161, previously produced by letter dated May 22, 2023 in response to this particular RFP, and the additional documents that are being produced by the City of Cleveland Heights in response to these discovery requests.

4.    All documents evidencing the proportionality of and necessity for the Outsiders Penalty.

**RESPONSE:**  The City objects to the use of the term "Outsiders Penalty," which is not an accurate description of the out-of-county owner registration requirement.  Defendants further object to this request because it fails to identify any particular category of documents with particularity, but calls upon the Defendant to determine the relevance of every document in the City's possession.  Defendants further object to this request because the City does not have any legal obligation to satisfy a "proportionality" or "necessity" standard for the out-of-county registration requirement.  Subject to and without waiving the foregoing objections, Defendants refer to the documents, Bates stamped documents CH001-161, previously produced by letter dated May 22, 2023, and the additional documents being produced in response to these discovery requests.

5.    All documents displaying distinctions between the costs to the City of nuisance abatement at Cleveland Heights dwellings owned by residents of Cuyahoga County, residents of Ohio who do not reside within Cuyahoga County, and property owners who neither reside within Cuyahoga County or Ohio.

**RESPONSE:**  The City objects to this request as vague, ambiguous, overly broad, and fails to identify any category of documents with particularity.  As such, the City is unable to formulate a reasonable search for responsive documents.  Subject to and without waiving the foregoing objections, Defendants state that it is unable to respond to this request because it does not separately keep track of the costs arising from nuisance abatement based upon whether the property owner is a resident or non-resident of Cuyahoga County.

6.   All documents from January 1, 2019 through the present displaying an inability for the City of Cleveland Heights to serve or otherwise notify, without the incursion of extra costs, property owners of Cleveland Heights dwellings who reside beyond the boundaries of Cuyahoga County.

**RESPONSE:**  The City objects to this request as vague, ambiguous, overly broad, and fails to identify any category of documents with particularity.  Subject to and without waiving the foregoing objections, Defendants state that it is unable to respond to this request because it does not separately keep track of the extra costs arising from the inability to serve property owners who are not residents of Cuyahoga County.

Respectfully submitted,

/s/ Stephen W. Funk
Stephen W. Funk (0058506)
ROETZEL & ANDRESS, LPA
222 South Main Street, Suite 400
Akron, OH 44308
Telephone:  (330) 849-6602
Email: sfunk@ralaw.com

*One of the Attorneys for Defendants City of Cleveland Heights, Ohio, Pamela Roessner, and Gajane Zaharja*

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of July, 2024, a copy of the foregoing Defendant City of Cleveland Heights' Answers and Objections to Plaintiff Andrew Strigle's First Set of Discovery Requests was served upon Maurice A. Thompson, attorney for Plaintiffs, via email at MThompson@OhioConstitution.org.

*/s/ Stephen W. Funk*

## **VERIFICATION**

On behalf of the City of Cleveland Heights, I hereby verify that the Answers to the foregoing Interrogatories are true and correct to my information, knowledge, and belief.

Allan Butler, Housing Program Director
City of Cleveland Heights, Ohio

SIGNED AND SWORN BEFORE ME ON THIS  18th DAY OF JULY, 2024.

Notary Public

Michelle R Smith
Notary Public, State of Ohio
My Commission Expires:
January 25, 2028

ORDINANCE NO. 104-2023(PSH), *Second Reading as Amended*

By Mayor Seren

An Ordinance amending Section 1351.34 "Registration of Dwelling Structure By Out-of-County Owners" of Chapter 1351 "Basic Standards for Residential Occupancy" and Section 1369.16 "Registration of Business Structures by Out-of-County Owners" of Chapter 1369 "Basic Standards for Business Occupancy" of the Codified Ordinances of the City of Cleveland Heights.

WHEREAS, in 2007, this Council adopted Sections 1351.34 and 1369.16 of the Codified Ordinances to provide for the registration of dwelling structures and business structures by out-of-county owners for the designation of an authorized agent who maintains a physical office with a street address in Cuyahoga County, Ohio, or who resides in Cuyahoga County, who shall consent to and agree to receive any and all notices of violation of City ordinances and to receive process in any court proceeding or administrative enforcement proceeding related to the use or maintenance of the structure; and

WHEREAS, since 2007, the City of Cleveland Heights has collected a $100 registration fee to offset the cost of processing and enforcing the out-of-county registration requirement; and

WHEREAS, the City of Cleveland Heights, and this Council, have observed trends in the increased ownership of one-to-three family residential properties by investors, many of whom are not based in the City or in Cuyahoga County; and

WHEREAS, the City of Cleveland Heights, and this Council, have observed that business purchases of 1-3 family homes in the inner ring suburbs on the east side of Cleveland have increased from just over 5% in 2004 to over 25% in 2020, as reported in *The Impact of Real Estate Investor Activity on the Cuyahoga County, Ohio Housing Market 2004-2020,* prepared by the Vacant and Abandoned Property Action Council, and have received complaints from residents of poorly-maintained rental properties owned by investors from outside the City; and

WHEREAS, as reported by the Vacant and Abandoned Property Action Council, enforcement of local health and safety regulations and codes can be complicated by multiple legal mechanisms to obscure the identity of owners and responsible parties, and to shield them from liability in connection with such regulations; and

WHEREAS, in December 2020, the City amended Section 1351.34 and 1369.16 in an effort to improve the City's ability enforcement of its Housing Code, improve its ability to address problems arising from the increasing ownership of foreclosed properties by investors, many of whom were out of county, out of state, or even out of the country, and positively impact the quality of the City's housing stock; and

20087996 _1

ORDINANCE NO. 104-2023(PSH)

WHEREAS, the December 2020 amendments removed the reference to the $100 registration fee in Section 1351.34(c) because it was duplicative of the $100 registration fee set forth in Section 1369.16(c), which applied to an out-of-county owner of a "dwelling" structure under Section 1369.16(a); and

WHEREAS, the December 2020 amendments were never intended to eliminate the long-standing requirement that all out-of-county owners that are involved in the business of leasing dwelling structures that are located within the City of Cleveland Heights must pay the same $100 registration fee that all other out-of-county property owners must pay; and

WHEREAS, since December 2020 the City of Cleveland Heights has continued to collect the $100 registration fee from out-of-county property owners in the business of leasing dwelling structures in the City; and

WHEREAS, in order to clarify the legislative intent and to ensure that all of the out-of-county registration requirements set forth in Sections 1351.34 and 1369.16 are the same for all out-of-county owners of real property that is located within the City of Cleveland Heights, this Council has determined that it would be in best interest to make minor amendments in the language of Section 1351.34 and 1369.16.

NOW, THEREFORE, BE IT ORDAINED by the Council of the City of Cleveland Heights, Ohio, that:

SECTION 1. Section 1351.34, "Registration of Dwelling Structure By Out-of-County Owners," of Chapter 1351, "Basic Standards for Residential Occupancy," of the Codified Ordinances of the City of Cleveland Heights shall be and is hereby amended to read as follows (additions bolded and underlined, deletions strikethrough):

## 1351.34 REGISTRATION OF DWELLING STRUCTURE BY OUT-OF-COUNTY OWNERS.

(a)  If a dwelling structure located within the City is owned by a person or persons, none of whom reside within Cuyahoga County, the owner(s) of the dwelling structure, within thirty (30) days after the effective date of this Section 1351.34 or within thirty (30) days after obtaining ownership of the dwelling structure, whichever is later, and annually thereafter, shall register with the Building Commissioner on a form prescribed by the Building Commissioner or his or her designee and shall designate an authorized agent for each such dwelling structure. The authorized agent must be a natural person eighteen (18) years of age or older who maintains a physical office with a street address in Cuyahoga County, Ohio, or who resides within Cuyahoga County. A Post Office Box shall not satisfy the physical office requirement. By designating an authorized agent under the provisions of this Section 1351.34, the owner consents and agrees to receive any and all notices of violation of City ordinances and to receive process in any court proceeding or administrative enforcement proceeding related to the use or maintenance of the property or dwelling structure, including, but not limited to, proceedings related to the enforcement

2

CH 000168

ORDINANCE NO. 104-2023(PSH)

of the Housing Code, by service of the notice or process on said agent. The registration statement shall include the name and address of the designated agent and shall reflect the owner's and agent's express agreement to appear in court when summoned, that the agent shall be authorized to testify on behalf of the owner in such case, and that the agent's testimony shall be deemed to be binding upon the owner in any administrative enforcement proceeding, or court proceeding, instituted by the City against the owner or owners of the dwelling structure. The failure of the owner of the dwelling structure to obtain a deed for the property or to file the deed with the County Recorder shall not excuse the owner from compliance with this Section 1351.34.

(b)  The designation of an authorized agent under this Section shall be deemed effective until the owner notifies the Building Commissioner or his/her designee, in writing, of a change of authorized agent or files a new annual registration statement, or until the Building Commissioner is notified in writing that such registration is no longer required because an owner of the dwelling structure now resides in Cuyahoga County.

 **(c)  The registration fee under this Section 1351.34 shall be $100.00. The registration process under this Section 1351.34 shall be the same as the registration process set forth in Section 1351.33 and as further set forth by the Commissioner of Buildings.  Registration under Section 1351.33 shall not negate the requirement for registration under this Section 1351.34.**

(c**d**)  A violation of this Section 1351.34 is hereby classified as a misdemeanor of the first degree, punishable by a fine of not more than one thousand dollars ($1,000), imprisonment not more than six (6) months, or both. Every day such violation occurs or continues shall constitute a separate offense. Nothing in this section shall limit the court in fashioning a remedy other than those set forth herein that shall maintain the building to prevent it from harming the neighborhood in which it stands.

SECTION 2. Current Section 1351.34 of Chapter 1351 of the Codified Ordinances of the City of Cleveland Heights, as it existed prior to the effective date of this ordinance, is hereby repealed.

SECTION 3. Section 1369.16, "Registration of Business Structures by Out-of-County Owners," of Chapter 1369, "Basic Standards for Business Occupancy," of the Codified Ordinances of the City of Cleveland Heights shall be and is hereby amended to read as follows (additions bolded and underlined, deletions strikethrough):

## 1369.16  REGISTRATION OF BUSINESS STRUCTURES BY OUT-OF-COUNTY OWNERS.

(a)  If a business structure, including without limitation a commercial, industrial or institutional structure, located within the City is owned by a person or persons, none of whom reside within Cuyahoga County, the owner(s) of the dwelling**business** structure, within thirty (30) days after the effective date of this Section 1369.16 or within thirty (30) days after obtaining ownership of the structure, whichever is later, and annually thereafter, shall register with the Commissioner of Buildings on a form prescribed by the

3

CH 000169

ORDINANCE NO. 104-2023(PSH)

Commissioner of Buildings and designate an authorized agent for each structure. The authorized agent must be a natural person eighteen (18) years of age or older who maintains a physical office in Cuyahoga County, Ohio, or actually resides within Cuyahoga County, Ohio. By designating an authorized agent under the provisions of this section, the owner is consenting to receive any and all notices of violations of City ordinances and to receive process, in any court proceeding or administrative enforcement proceeding related to the use or maintenance of the property or business structure, including, but not limited to, proceedings related to the enforcement of the Business Maintenance Code or Building Code, by service of the notice or process on the authorized agent. The failure of the owner of the structure to obtain a deed for the property or to file the deed with the County Recorder shall not excuse the owner from compliance with this Section 1369.16.

(b)   Any owner who has designated an authorized agent under the provisions of this Section 1369.16 shall be deemed to consent to the continuation of the agent's designation for the purpose of this subsection until the owner notifies the Commissioner of Buildings in writing on a form prescribed for such purpose by the Commissioner of Buildings of a change of authorized agent or until the Commissioner of Buildings is notified in writing that an owner of the business structure is now residing within Cuyahoga County and registration is no longer required under this section.

(c)   The registration fee under this Section 1369.16 shall be $100.00. The registration process under this Section 1369.16 shall be the same as the registration process set forth in Section 1369.17 and as further set forth by the Commissioner of Buildings. Registration under Section 1369.17 shall not negate the requirement for registration under this Section 1369.16.

SECTION 4. Current Section 1369.16 of Chapter 1369 of the Codified Ordinances of the City of Cleveland Heights, as it existed prior to the effective date of this ordinance, is hereby repealed.

SECTION 5. Notice of the passage of this Ordinance shall be given by publishing the title and abstract of its contents, prepared by the Director of Law, once in one newspaper of general circulation in the City of Cleveland Heights.

SECTION 6.  This Ordinance shall take effect and be in force at the earliest time permitted by law.


_____

MELODY HART

4

ORDINANCE NO. 104-2023(PSH)

President of Council

_____

ADDIE BALESTER
Clerk of Council

PASSED: 6/22/2023

Presented to Mayor: 06/23/2024 ____    Approved: 6/29/2023 _____

_____

KAHLIL SEREN
Mayor

CH 000171