# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

THE CROSSROADS GROUP, LLC, et al.,

                       Plaintiffs,

vs.

CITY OF CLEVELAND HEIGHTS,
OHIO, et al.,

                       Defendants.

CASE NO.   1:23-cv-00184

JUDGE J. PHILIP CALABRESE

---

## DEFENDANTS' COMBINED MEMORANDUM IN RESPONSE TO PLAINTIFF'S CROSS-MOTION SUMMARY JUDGMENT (DOC. #46) AND REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (DOC.#43)

---

William R. Hanna (0068705)
Director of Law
40 Severance Circle
Cleveland Heights, Ohio 44118
Telephone: (216) 377-1246
Email: whanna@ralaw.com

Lisa A. Mack (0037180)
ROETZEL & ANDRESS, LPA
1375 East Ninth Street
One Cleveland Center, 10th Floor
Cleveland, Ohio 44114
Telephone: (216) 293-7526
Email: lmack@ralaw.com

Stephen W. Funk (0058506)
ROETZEL & ANDRESS, LPA
222 South Main Street, Suite 400
Akron, OH 44308
Telephone:  (330) 849-6602
Email: sfunk@ralaw.com

*Attorneys for Defendants City of Cleveland Heights, Ohio, Pamela Roessner, and Gajane Zaharjan*

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

INTRODUCTION ..................................................................................................1

ARGUMENT ........................................................................................................4

I.     PLAINTIFFS DO NOT DISPUTE THAT CROSSROADS GROUP, LLC AND ANDREW STRIGLE LACK STANDING .........................................................4

II.    PLAINTIFFS HAVE FAILED TO SATISFY THEIR HEAVY BURDEN TO SHOW THAT THEY CAN PREVAIL ON THE UNCONSTITUTIONAL CONDITIONS AND TAKINGS CLAIM ALLEGED IN COUNT III.............................5

      A.     Plaintiffs' Motion For Summary Judgment Fails To Respond To The Key Legal Arguments Raised By Defendants About Why The $100 Out-Of-County Registration Fee Does Not Violate The Unconstitutional Conditions Doctrine ....................................................................................5

      B.     Plaintiffs Misconstrue The Relevant Supreme Court and Sixth Circuit Cases Governing The Unconstitutional Conditions Doctrine ............................................8

      C.     Plaintiffs Misconstrue The Case Law Cited In Their Motion To Support Their Alleged "Constitutional" Right To Lease Dwellings To Third-Parties .......12

      D.     Plaintiffs Have Failed To Demonstrate That The $100 Out-Of-County Registration Fee Does Not Satisfy The "Essential Nexus" and "Rough Proportionality" Standard .....................................................................15

      E.     The Court Should Reject Plaintiffs' Argument That The Out-Of-County Registration Fee Is Duplicative..............................................................16

      F.     Plaintiffs Do Not Dispute That The Exclusive Remedy For An Alleged Taking Under Ohio Law Is A Writ Of Mandamus, Not Money Damages............17

III.    PLAINTIFFS HAVE FAILED TO SATISFY THEIR BURDEN TO SHOW THAT THEY CAN PREVAIL ON THE EQUAL PROTECTION AND SUBSTANTIVE DUE PROCESS CLAIMS ALLEGED IN COUNT II....................................................18

      A.     Plaintiffs Ignore The Applicable Case Law That Shows That An Out-Of-County Registration Requirement "Easily" Passes Constitutional Muster Under The Rational Basis Standard of Review .....................................................18

      B.     The Court Should Reject Plaintiffs' Meritless Argument That Their Due Process and Equal Protection Claims Are Subject To A Heightened Standard of Review................................................................................20

i

C.      The Court Should Reject Plaintiffs' New Argument That The Out-Of-County
        Registration Fee Violates The Privilege and Immunities Clause .........................21

D.      Any Alleged Misinterpretation/Misapplication Of The City's Municipal
        Ordinances Does Not Give Rise To A Constitutional Violation .........................23

E.      Plaintiffs Do Not Dispute That There Is No Private Right Of Action To
        Recover Damages For An Alleged Violation Of The Ohio Constitution .............24

IV.     PLAINTIFFS HAVE WAIVED AND ABANDONED THEIR EQUITABLE
        CLAIM FOR UNJUST ENRICHMENT/RESTITUTION IN COUNT IV, THEIR
        CLAIM FOR DECLARATORY AND INJUNCTIVE RELIEF IN COUNT I, AND
        ALL OF THEIR CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS ................25

CONCLUSION.....................................................................................................................25

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

## **TABLE OF AUTHORITIES**

**Pages**

**Cases**

*Alweiss v. City of Sacramento*, No. 2:21-CV-00784-JAM-DB, 2021 WL 6118183
   (E.D. Cal. Dec. 27, 2021) ................................................................................. 8

*Anderson Creek Partners, L.P. v. County of Hartnett*, 876 S.E.2d 476 (N.C. 2022) ................ 7, 9

*Anding v. City of Austin*, No. 1:22-CV-01039, 2023 WL 4921530,
   (W.D. Tex. Aug. 1, 2023) ............................................................................. 13

*Animal Science Products, Inc. v. Hebei Welcome Pharm. Co., Ltd.*, 585 U.S. 33 (2018)............ 21

*Asher Investments, Inc. v. City of Cincinnati*, 122 Ohio App.3d 126 (1st Dist. 1997) ................ 14

*Att'y Gen. of New York v. Soto-Lopez*, 476 U.S. 898 (1986) ........................................ 22

*Benjamin as Tr. of Rebekah C. Benjamin Tr. v. Stemple*, 915 F.3d 1066
   (6th Cir. 2019) ........................................................................................ 14

*Camara v. Mun. Ct.*, 387 U.S. 523 (1967) .................................................................. 2

*Charter Twp. of Canton v. 44650, Inc.*, 12 N.W.3d 56 (Mich. App. 2023) ........................... 11, 12

*City of Gridley v. Superior Ct.*, 325 Cal. Rptr. 3d 641 (2024) ......................................... 9

*Cleveland v. Martin,* 2005-Ohio-6482 (Ohio Ct. App. 2005) ........................................ 18

*Coal. for Fairness in Soho & Noho, Inc. v. City of New York*, No. 151255/2022, 2023 WL
   6535289 (N.Y. 2023) ................................................................................ 10

*Cook Road Investments, LLC v. Board of Cuyahoga County Commissioners*,
   2011-Ohio-2151 (8th Dist.) ...................................................................... 16, 17

*Connecticut Citizens Defense League, Inc.*, 664 F. Supp.3d 235 (D. Conn. 2023) .................... 21

*Dolan v. City of Tigard*, 512 U.S. 374 (1994) ................................................. 5, *passim*

*Engleman v. Budish*, 2015-Ohio-1153 (8th Dist.) .................................................. 16, 17

*Ewing Citizens for C.R., Inc. v. Twp. of Ewing*, No. 05-1620 (MLC),
   2007 WL 2065832 (D. N.J. July 13, 2007) ................................................ 3, 6, 15, 18, 19

*F.P. Development, LLC v. Charter Twp. of Canton, Michigan*,
   16 F.4th 198 (6th Cir. 2021) ........................................................... 8, 9, 10, 11, 12

iii

*Fish Hook Distilling Co. LLC v. Vester Propco, L.L.C.*, No. 23-11626, 2024 WL 992164,
(E.D. Mich. 2024) ................................................................................................ 23

*Golf Village North, LLC v. City of Powell*, 42 F.4th 593 (6th Cir. 2022) .................................. 4, 24

*Groch v. Gen. Motors Corp.*, 2008-Ohio-546 ............................................................... 21

*Halpern 2012, LLC v. City of Ctr. Line*, 806 Fed. App'x 390 (6th Cir. 2020) ................. 1, *passim*

*Harris v. Columbus*, 2016-Ohio-1036 (10th Dist.) ........................................................ 24

*Harrison v. Montgomery Cty.*, 482 F. Supp. 3d 652 (S.D. Ohio 2020) ..................................... 18

*Home Builders Ass'n of Dayton and Miami Valley v. Beavercreek*,
89 Ohio St.3d 121 (2000) ....................................................................................... 8

*In re Application of Columbus Southern Power Co.*, 2012-Ohio-5690 ...................................... 20

*Johnson v. City of Saginaw, Michigan*, 980 F.3d 497, 514 (6th Cir. 2020) ....................... 3, 23, 24

*Knight v. Metro. Gov't of Nashville & Davidson Cnty.*,
67 F.4th 816 (6th Cir. 2023) ........................................................................... 2, *passim*

*Koontz v. St. Johns River Water Mgmt. Dist.*, 570 U.S. 595 (2013) ................................. 2, *passim*

*Korwin v. State Farm Fire & Cas. Co.*, No. 5:23-cv-1124, 2024 WL 3638655
(N.D. Ohio Aug. 2, 2024) .......................................................................... 1, 4, 18, 25

*Langin v. Sheffield-Sheffield Lake Bd. of Educ.*, 2022-Ohio-879 (9th Dist.) ............................ 24

*Lingle v. Chevron U.S.A., Inc.*, 544 U.S. 528 (2004) ...................................................... 17

*Loretto v. Teleprompter Manhattan CATV Corp.*, 458 U.S. 419 (1982) ........................... 6, 12, 13

*Mamakos v. Town of Huntington*, No. 16-CV-5775, 2017 WL 2861719 (E.D.N.Y. 2017) ......... 10

*Mariemont Apartment Ass'n v. Village of Mariemont*, 2007-Ohio-173 (1st Dist.) ..................... 14

*McNeilus Truck & Mfg., Inc. v. Montgomery*, 226 F.3d 429 (2000) ....................................... 22

*Meitzner v. City of Sterling Heights*, No. 21-12169, 2022 WL 2239162
(E.D. Mich. June 22, 2022) ...................................................................................... 8

*Mem'l Hosp. v. Maricopa County*, 415 U.S. 250 (1974) .................................................... 22

*Metro. Life Ins. Co. v. Ward,* 470 U.S. 869 (1985) ......................................................... 22

*Nekrilov v. City of Jersey City*, 528 F. Supp. 3d 252 (D.N.J. 2021) ...................................... 13

*Nollan v. Cal. Coastal Comm'n*, 483 U.S. 825 (1987) ....................................................... 5, *passim*

*Norwood v. Horney*, 110 Ohio St.3d 353 (2006) ........................................................... 20

*Nosse v. City of Ann Arbor, Michigan*, No. CV 22-11283, 2023 WL 2250621
 (E.D. Mich. Feb. 27, 2023) ............................................................................... 8

*Ohio Star Transp., LLC v. Roadway Express*, Case No. 2:09-cv-261, 2010 WL 3666982
 (S.D. Ohio Sept. 14, 2010) ............................................................................... 4

*Page v. Unimerica Ins. Co.*, No. 3:12-CV-103, 2015 WL 4549473
 (S.D. Ohio July 27, 2015) ................................................................................. 4

*Provens v. Stark Cnty. Bd. of Mental Retardation & Dev. Disabilities*,
 594 N.E.2d 959 (1992) ..................................................................................... 24

*Rugiero v. Nationstar Mortg.*, 580 Fed.Appx. 376, 378 (6th Cir. 2014) ........................................ 4

*Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546 (6th Cir. 2008) ................................................ 1, 5, 18

*Selvaggi v. Borough of Point Pleasant Beach*, No. 22-00708, 2022 WL 1664623
 (D.N.J. May 25, 2022) ..................................................................................... 13

*Sheetz v. County of El Dorado, California*, 601 U.S. 267 (2024) .................................. 8, 9, 10, 16

*State ex rel. Gilmour Realty, Inc. v. Mayfield Hts.*, 2008-Ohio-3181 ......................................... 17

*State ex rel. Harris v. Rubino*, 2018-Ohio-3609 ........................................................... 23

*Stevens v. City of Columbus*, No. 2:20-CV-1230, 2020 WL 7021422 (S.D. Ohio Nov.
 30, 2020) .................................................................................................. 20

*Stevenson v. Oyster Bay*, 433 F. Supp. 2d 263, 267 (E.D.N.Y. 2006) .......................................... 21

*Stolz v. J & B Steel Erectors, Inc.*, 2018-Ohio-5088 ...................................................... 20

*Sylvia Dev. Corp. v. Calvert Cnty.*, 48 F.3d 810 (4th Cir. 1995) ............................................ 22

*Talley v. City of Cleveland*, 2015 WL 366698 (N.D.Ohio Jan. 27, 2015) ....................................... 24

*Tarantino v. City of Hornell*, 615 F. Supp.2d 102 (W.D.N.Y. 2009) ...................... 2, 6, 15, 18, 19

*Tarrify Props., LLC v. Cuyahoga Cnty.*, No. 1:19-cv-2293, 2020 WL 4043105
 (N.D. Ohio July 17, 2020) ................................................................................. 18

*Thompson v. City Oakwood*, 307 F.Supp.3d 761 (S.D. Ohio 2018) ............................................... 5

*Tiwari v. Friedlander*, 26 F.4th 355 (6th Cir. 2022) ................................................. 2, 18, 19

*U.S. v. Riverside Bayview Homes, Inc.*, 474 U.S. 121 (1985) ........................................................13

*United States v. Sperry*, 493 U.S. 52, 63 (1989) ......................................................................... 7, 9

*Weisenberg v. Town Board of Shelter Island*, 404 F.Supp.3d 720 (N.D.N.Y. 2019) ................. 13

*Wood v. U.S. Bank Nat'l Assn.*, No. 5:17CV2234, 2019 WL 1255229,
    (N.D. Ohio Mar 19, 2019) ......................................................................................................4

*Yee v. City of Escondido*, 503 U.S. 519 (1992)......................................................................... 1, 6

*Yoder v. Bowling Green, Ohio*, No. 3:17 CV 2321, 2019 WL 415254
    (N.D. Ohio Feb. 1, 2019) ..................................................................................................... 20

*Zaatari v. City of Austin*, 615 S.W.3d 712 (Tex. App. 2019) ................................................. 12, 13

*Zeyen v. Bonneville Joint District #93*, 114 F.4th 1129 (9th Cir. 2024) ..................................... 10

**Constitutional Provisions**

Ohio Constitution, Article I, Section 19 ........................................................................................17

United States Constitution, Article IV ..........................................................................................21

United States Constitution, Fourth Amendment..............................................................................5

United States Constitution, Fifth Amendment.................................................................................5

**<u>Ordinances</u>**

City of Cleveland Heights Codified Ordinances, Section 1351.33(a).............................................17

City of Cleveland Heights Codified Ordinances, Section 1351.34 ....................................3, 17, 23

City of Cleveland Heights Codified Ordinances, Section 1369.16 ..........................................3, 23

City of Cleveland Heights Codified Ordinances, Section 1369.16(a)..........................................23

City of Cleveland Heights Ordinance No. 104-2023..........................................................3, 19, 23

## INTRODUCTION

Plaintiffs' Cross-Motion for Summary Judgment, filed on October 30, 2024 ("Pl. MSJ") (Doc.#46), completely fails to satisfy their heavy burden to prove that the City's $100 out-of-county registration fee for out-of-county landlords that rent or lease residential dwellings to third-parties is unconstitutional.  Indeed, in filing a cross-motion for summary judgment, Plaintiffs did not include any Opposition to the Defendants' Motion for Summary Judgment in its 38-page memorandum, as required by the Court's Scheduling Order. (Doc.#39, Order, dated June 14, 2024, PageID#838) (establishing deadline of October 30, 2024 for "Plaintiffs' consolidated partial summary judgment and opposition deadline").  Instead, they largely ignore most of the key cases cited in Defendants' Motion for Summary Judgment, and completely fail to respond to Defendants' arguments that (i) Crossroads Group and Andrew Strigle lack standing; (ii) there is no private right of action for damages under the Ohio Constitution; (iii) there are separate and independent reasons for why summary judgment should be granted on the unjust enrichment claim in Count IV and the claim for declaratory and injunctive relief in Count I; and (iv) that the Individual Defendants are entitled to qualified immunity. Thus, any opposition arguments by Plaintiffs relating to the foregoing claims and issues should be deemed to be waived and abandoned. *See Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008); *Korwin v. State Farm Fire & Cas. Co.*, No. 5:23-cv-1124, 2024 WL 3638655, at *4 (N.D. Ohio Aug. 2, 2024).

Indeed, with respect to their constitutional arguments about the merits of Counts II and III, Plaintiffs completely ignore and wrongfully disregard binding Supreme Court precedent that "has consistently affirmed that States have broad power to regulate housing conditions in general and the landlord-tenant relationship in particular without paying compensation for all economic injuries that such regulation entails." *Yee v. City of Escondido*, 503 U.S. 519, 528–529 (1992) (citations omitted).  Moreover, they ignore the Sixth Circuit's recent ruling in *Halpern 2012, LLC*

*v. City of Ctr. Line*, 806 F. App'x 390 (6th Cir. 2020), that a city's "rental-property registration and inspection requirements are reasonable means of advancing its governmental interests in public safety and welfare, and [that] it may impose reasonable fees to offset the costs of advancing those interests." *Id.* at 395 (citing *Camara v. Mun. Ct.*, 387 U.S. 523, 535 (1967)).

This binding Supreme Court and Sixth Circuit precedent is fatal to Plaintiffs' constitutional claims because Plaintiffs' 38-page Memorandum completely fails to show that the City lacks the police power to directly impose an out-of-county registration requirement and $100 out-of-county registration fee. While Plaintiffs attempt to suggest that ***any*** landlord registration fee violates the unconstitutional conditions doctrine, this argument ignores the Supreme Court's holding *Koontz v. St. Johns River Water Mgmt. Dist.*, 570 U.S. 595 (2013), that the unconstitutional conditions doctrine does not apply to "taxes, user fees, and similar laws and regulations that may impose financial burdens on property owners." *Id.* at 615. Moreover, it ignores the three-part test adopted by the Sixth Circuit in *Knight v. Metro. Gov't of Nashville & Davidson Cnty.*, 67 F.4th 816 (6th Cir. 2023), which held that the "first step" in deciding a claim under unconstitutional conditions doctrine is whether "the condition would qualify as a taking if the government had directly required it." *Id.* at 825. Thus, given that the City has the police power to advance the public health, safety, and welfare by directly imposing an out-of-county registration requirement and related registration fee upon landlords, then the unconstitutional conditions doctrine has not been violated.

Similarly, Plaintiffs have failed to establish that there is no rational basis for the City's out-of-county registration ordinance, which, as the Sixth Circuit has repeatedly affirmed, can be upheld based upon any "plausible" ground, *even if* it is based upon "rational speculation unsupported by evidence or empirical data." *See Tiwari v. Friedlander*, 26 F.4th 355, 361 (6th Cir.), *cert. denied*, 143 S. Ct. 444 (2022). Here, while the Plaintiffs vainly attempt to raise arguments for why the $100 registration fee is not "rational," they completely ignore the rulings in *Tarantino v. City of*

*Hornell*, 615 F. Supp. 2d 102, 119 (W.D.N.Y. 2009) and *Ewing Citizens for C.R., Inc. v. Twp. of Ewing*, No. 05-1620 (MLC), 2007 WL 2065832 (D.N.J. July 13, 2007), which explain why an out-of-county registration requirement "easily" satisfies the rational basis standard. Accordingly, the Court should grant summary judgment in Defendants' favor on both claims.

Finally, the Court should reject Plaintiffs' meritless argument that the City of Cleveland Heights allegedly "repealed" the out-of-county registration fee in June 2023. The City Council did not "repeal" the out-of-county registration requirement, but simply amended the applicable ordinances to clarify that the out-of-county registration fee applies to both "dwellings" and "business structures" under Cleve. Hts. Cod. Ord. §§ 1351.34 and 1369.16. (*See* Doc.#43-4, Ordinance No. 104-2023, PageID#936-941). The City's reasons for this 2023 amendment are set forth in the recitals, and they are blatantly mischaracterized by Plaintiffs. (Doc.#43-4, PageID#936-937). While Plaintiffs argue that the City misinterpreted and misapplied the language in Section 1369.16 before it was amended in 2023, this argument is meritless because, as discussed more fully below, it ignores the fact that the City had a rational basis for interpreting the pre-amended version of Section 1369.16 as applying to both business structures and "dwellings." (*See* Argument III.D, *infra*). In any event, the fact remains that any alleged error in how the City interpreted and applied the former version of Section 1369.16 does not mean that the City's interpretation violated substantive due process because, as the Sixth Circuit has held, there is no "controlling authority" holding that the "misinterpretation or misapplication of a municipal ordinance constitutes a violation of substantive due process." *Johnson v. City of Saginaw, Michigan*, 980 F.3d 497, 514 (6th Cir. 2020) (citing cases); *Golf Village North, LLC v. City of Powell*, 42 F.4th 593, 602 (6th Cir. 2022). Accordingly, given that the Amended Complaint only alleges *constitutional* claims, the Court should conclude that Plaintiffs have failed to satisfy their heavy burden to show that the $100 out-of-county registration fee was unconstitutional.

3

## ARGUMENT

### I.    PLAINTIFFS DO NOT DISPUTE THAT CROSSROADS GROUP, LLC AND ANDREW STRIGLE LACK STANDING.

Plaintiffs' Cross-Motion for Summary Judgment does not contain <u>any</u> response to the standing arguments raised in Defendants' Motion for Summary Judgment.  (Doc.#43, Def. MSJ, pp. 8-9, PageID#863-864).  Accordingly, this Court should deem that Plaintiffs have effectively abandoned any argument that Crossroads and Strigle have standing to prosecute the alleged claims, and have waived any argument concerning their dismissal.  *See Korwin v. State Farm Fire & Cas. Co.*, No. 5:23-cv-1124, 2024 WL 3638655, at *4 (N.D. Ohio Aug. 2, 2024) (plaintiff's failure to respond to defendant's "spoliation arguments in their opposition brief" was "deemed to have abandoned Count I" and "waived any argument concerning its dismissal"); *Wood v. U.S. Bank Nat'l Assn.*, No. 5:17CV2234, 2019 WL 1255229, at *3 (N.D. Ohio Mar 19, 2019) ("A party waives opposition to an argument by failing to address it in her responsive brief") (citing cases); *Page v. Unimerica Ins. Co.*, No. 3:12-CV-103, 2015 WL 4549473, at *5 (S.D. Ohio July 27, 2015) (Plaintiff's "Response to Defendants' Motions for Summary Judgment does not address or in any way respond to Defendants' challenges to her claims of promissory estoppel," which is "a tacit acknowledgement that she has abandoned these claims") (citing *Rugiero v. Nationstar Mortg.*, 580 Fed.Appx. 376, 378 (6th Cir. 2014)); *Ohio Star Transp., LLC v. Roadway Express*, Case No. 2:09-cv-261, 2010 WL 3666982, at *3 (S.D. Ohio Sept. 14, 2010) (holding that plaintiff's failure to respond to argument in summary judgment motion means that plaintiff is "thereby waiving its ability to challenge the argument and effectively conceding the point").

In this regard, it is important to emphasize that the deadline for filing Plaintiffs' Opposition to Defendants' Motion for Summary Judgment was October 30, 2024.  (Doc.#39, Order, pg. 2, PageID#838).  To the extent that Plaintiffs had any arguments in opposition or in response to the

standing argument, then they could and should have raised them on or before the October 30th deadline. While the briefing schedule permits Plaintiffs to file a Reply on or before December 19, 2024, this deadline is for the filing of a Reply Brief "in Support" of <u>Plaintiffs'</u> Motion, and does not provide an opportunity to raise new arguments in <u>opposition</u> to <u>Defendants'</u> Motion. (Doc.#39, PageID#838). Indeed, as the Sixth Circuit has held, it would be improper for the plaintiffs to raise new arguments in a reply brief that could and should have been raised in their "principal summary judgment brief." *See Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008) (issues are "waived" and not "preserved" if they are raised "for the first time in [a] reply brief") (citations omitted). Accordingly, the Court should deem any arguments about whether Crossroads and Strigle have standing to have been deemed waived, conceded, and/or abandoned by Plaintiffs, and therefore should disregard any new arguments raised in the Plaintiffs' Reply.

## II. PLAINTIFFS HAVE FAILED TO SATISFY THEIR HEAVY BURDEN TO SHOW THAT THEY CAN PREVAIL ON THE UNCONSTITUTIONAL CONDITIONS AND TAKINGS CLAIM ALLEGED IN COUNT III

### A. Plaintiffs' Motion For Summary Judgment Fails To Respond To The Key Legal Arguments Raised By Defendants About Why The $100 Out-Of-County Registration Fee Does Not Violate The Unconstitutional Conditions Doctrine.

Most of Plaintiffs' Cross-Motion for Summary Judgment is based upon a flawed attempt to convince this Court that the imposition of a $100 out-of-county registration fee violates the unconstitutional conditions doctrine. In making this argument, however, Plaintiffs fail to demonstrate how the City has forced any of the out-of-county landlords to waive any <u>constitutional</u> rights. Unlike the property owners in *Nollan*, *Dolan*, and *Koontz*, the City is not asking the Plaintiffs to relinquish ownership of any property or grant an easement without just compensation in violation of the Fifth Amendment. Moreover, it is not requesting that any property owners waive any Fourth Amendment rights, as in *Thompson v. City Oakwood*, 307 F.Supp.3d 761 (S.D. Ohio 2018). Thus, none of these foregoing cases apply.

Given the lack of any request to waive any constitutional rights, Plaintiffs' Cross-Motion vainly attempts to convince this Court that the unconstitutional-conditions doctrine applies whenever the City charges **_any_** fee as a condition for leasing property to third parties. (Doc.#46, Pl. MSJ pg. 16, PageID#1079).  In making this argument, however, Plaintiffs ignore the fact that the U.S. Supreme Court has repeatedly held that "States have broad power to regulate housing conditions in general and the landlord-tenant relationship in particular without paying compensation for all economic injuries that such regulation entails." _Yee_, 503 U.S. at 528–529. Thus, any alleged right to lease property is subject to the State's exercise of its _police powers_ to regulate the _use_ of property. _Loretto v. Teleprompter Manhattan CATV Corp._, 458 U.S. 419, 436–441 (1982) (explaining that the "bundle of rights" arising from property ownership is subject to the "State's broad power to impose appropriate restrictions upon an owner's use of his property").

This is a critical point because, as discussed in Defendants' Motion for Summary Judgment, the Sixth Circuit held in _Knight_ that "first step" in any takings analysis under the unconstitutional conditions doctrine is to decide "whether the condition would qualify as a taking if the government had directly required it." _Id._, 67 F.4th at 825 (citing _Koontz_, 570 U.S. at 612). "If not, no takings problem exists." _Id._  Here, the $100 out-of-county registration fee does not violate the unconstitutional conditions doctrine because, as previously discussed, it is well-established that municipalities have the police power to directly regulate the renting and leasing of dwellings to third parties. _Yee_, 503 U.S. at 528–529; _Halpern 2012_, 806 F. App'x at 395. Moreover, it is well established that a municipality has the police power to regulate the renting and leasing of dwellings by, among other things, requiring out-of-county landlords to designate a local agent to receive notices of violation or service of process for the purpose of enforcing the City's property maintenance codes. _See Tarantino_, 615 F. Supp. 2d at 118–119; _Ewing Citizens_, 2007 WL 2065832, at *8-10.  Thus, as the Sixth Circuit held in _Halpern 2012_, it is not unconstitutional

for a municipality to adopt local ordinances that call for the registration and inspection of rental property – which "constitutes a reasonable means of advancing its governmental interests in public safety and welfare," and, in exercising this police power, a city "may impose reasonable fees to offset the costs of advancing those interests." *Id.*, 806 F. App'x at 395.

In their Motion, Plaintiffs completely ignore the first part of the three-part test adopted by the Sixth Circuit in *Knight*, and fail to present any argument to show that the City lacks the police power to directly adopt an out-of-county registration requirement for landlords and to collect a $100 registration fee to offset the costs of administering and enforcing this regulation. Moreover, they ignore the Supreme Court's decision in *United States v. Sperry*, 493 U.S. 52 (1989), which held that the government may charge a reasonable "user fee" to offset the costs of a regulatory program without needing "to record invoices and billable hours to justify" its actual costs. *Id.* at 60. While Plaintiffs cite a recent North Carolina decision, *Anderson Creek Partners, L.P. v. County of Hartnett*, 876 S.E.2d 476 (N.C. 2022), for the proposition that *Nollan/Dolan* apply to all "fees" for land use permits, this argument ignores the fact that *Anderson Creek* expressly held that the *Nollan/Dolan* test does not apply to "user fees" that are "intended to cover the costs of regulatory services provided by the relevant unit of government." *Id.* at ¶ 26 (citing *Sperry*, 493 U.S. at 62). Thus, the court applied *Nollan/Dolan* test to the "capacity use" fees at issue in that case only because they were "properly categorized as impact fees rather than 'user fees.'" *Id.* at ¶ 27.

In their Cross-Motion, Plaintiffs present no argument or evidence to show that the City's $100 out-of-county registration fee is not a "user fee" that was adopted in order to defray the costs of administering and enforcing its out-of-county registration requirement. Indeed, given the Sixth Circuit's holding in *Halpern* that a city has the police power to directly impose a landlord registration requirement, along with a reasonable fee to defray the costs of administering this regulatory program, it does not need to record invoices and billable hours to justify the amount of

7

its $100 registration fee, which, on its face, is reasonable fee that is the same or lower than the registration, inspection, and permit fees that were upheld in all of the cases cited in Defendants' Motion. *See Halpern 2012*, 806 F. App'x at 392, 395–396; *Nosse v. City of Ann Arbor*, No. CV 22-11283, 2023 WL 2250621, at \*14 (E.D. Mich. Feb. 27, 2023); *Meitzner v. City of Sterling Hts.*, No. 21-12169, 2022 WL 2239162, at \*4 (E.D. Mich. June 22, 2022); *Alweiss v. City of Sacramento*, No. 2:21-CV-00784, 2021 WL 6118183, at \*2 (E.D. Cal. Dec. 27, 2021).

For all of these reasons, therefore, the Court can and should grant summary judgment in Defendants' favor on the unconstitutional conditions/takings claim alleged in Count III. The City's $100 out-of-county registration fee does not violate the unconstitutional-conditions doctrine because it does not compel the Plaintiffs to waive any of their constitutional rights.  Moreover, it does not effectuate a taking because the City of Cleveland Heights has the police power to regulate the leasing of dwellings to third-parties <u>directly</u> and to impose a reasonable user fee to offset the costs of administering its landlord registration program.  *Halpern 2012*, 806 F. App'x at 395.

### B.   Plaintiffs Misconstrue The Relevant Supreme Court and Sixth Circuit Cases Governing The Unconstitutional Conditions Doctrine.

On Pages 9 through 15 of their Cross-Motion, Plaintiffs rely primarily upon four cases – *Sheetz v. Cnty. of El Dorado*, 601 U.S. 267 (2024), *Knight v. Metro. Gov't of Nashville & Davidson Cnty.*, 67 F.4th 816 (6th Cir. 2023), *F.P. Development, LLC v. Charter Twp. of Canton, Michigan*, 16 F.4th 198 (6th Cir. 2021), and *Home Builders Ass'n of Dayton and Miami Valley v. Beavercreek*, 89 Ohio St.3d 121 (2000) – as allegedly supporting their unconstitutional conditions claim. A review of these cases, however, confirms that they do not actually support the conclusion that a reasonable user fee adopted to defray the cost of administering a valid and legitimate regulatory program constitutes a taking or violates the unconstitutional conditions doctrine.

Indeed, as discussed more fully below, the above-referenced cases are distinguishable because they involve "<u>impact</u>" fees that are designed to pay for the construction of new public infrastructure relating to the particular development or, as in the case of *P.F. Development*, to mitigate the impact of tree removal upon the community.  Here, in contrast, the $100 annual out-of-county registration fee is <u>not</u> being imposed upon landlords based upon the impact of a new development.  Rather, it is imposed as a part of an <u>ongoing</u> <u>regulatory</u> program that seeks to ensure that all landlords, including out-of-county landlords, comply with the City's Housing Maintenance Code. Contrary to the Plaintiffs' suggestions, therefore, the $100 out-of-county registration fee is not an impact fee, but is more accurately described as a "user fee" that, by definition, is not a "taking" because it was adopted to offset the costs of a valid and legitimate regulatory program.  *See Anderson Creek Partners,* 876 S.E.2d at 489 (explaining that "user fees" are "intended to cover the costs of regulatory services provided by the relevant unit of government") (citing *Sperry,* 493 U.S. at 62); *see also Koontz,* 570 U.S. at 615 (holding that "taxes and user fees" are not takings).

Given this important legal distinction, it is clear that Plaintiffs have grossly overstated the holdings in *Sheetz*, *Knight*, *F.P. Development*, and *Home Builders*.  We discuss each case below:

1.     *Sheetz*:  This case did not involve a reasonable $100 user fee to defray the costs of regulation, but instead involved a $23,420 <u>traffic</u> <u>impact</u> fee for a new development.  In this regard, the sole legal issue in *Sheetz* was whether the lower courts erred by ruling that the *Nollan/Dolan* test did not apply because the "traffic impact fee was imposed by *legislation*," rather than "on an ad hoc basis by *administrators*."  *Id.,* 601 U.S. at 270 (emphasis added).  Upon review, the Supreme Court ruled there was no such "legislative exception," but refrained from deciding "the validity of the traffic impact fee."  *Id.* at 280.  Thus, there is nothing in *Sheetz* that changes the holding in *Koontz* that *Nollan/Dolan* does <u>not</u> apply to "taxes and user fees."  *Id.* at 615; *City of Gridley v.*

9

*Superior Ct.*, 325 Cal. Rptr. 3d 641, 650 (2024) (holding that *Sheetz* did not change the ruling in

*Koontz* that *Nollan/Dolan* did not apply to user fees).

2.     *Knight*:  Contrary to Plaintiffs' suggestions, *Knight* did <u>not</u> hold that any and all

fees relating to the use of real property are subject to the *Nollan*/*Dolan* test. Rather, the Sixth

Circuit analyzed the unconstitutional conditions doctrine in depth, and held that the "first step" in

analyzing such a claim is to decide "whether the condition would qualify as a taking if the

government has directly required it." *Knight*, 67 F.4th at 825.[1]  This is fatal to the unconstitutional

conditions/taking claim in Count III because, as previously discussed, the City has the police

power to impose an out-of-county registration requirement <u>directly</u> and, as the Sixth Circuit

explained in *Halpern*, it may exercise this police power to charge a reasonable registration fee for

the purpose of defraying the costs of administering and enforcing its landlord registration program.

Thus, given that Plaintiffs bear the burden to prove that they can satisfy all of the elements of the

three-part test set forth in *Knight*, the Court can and should grant summary judgment in

Defendants' favor on the unconstitutional conditions/takings claim in Count III.

3.     *F.P. Development*:  This case involved a tree mitigation impact fee that required a

property owner to mitigate any tree removal by adopting one of three "mitigation options:  a tree

owner can replace removed trees on its own property, replace them on someone else's property,

or pay a designated amount into Canton's tree fund so that the township can replace them

---

[1] The Sixth Circuit's ruling in *Knight* is consistent with the rulings of other federal and state courts that have addressed the monetary exactions issue. *See, e.g., Zeyen v. Bonneville Joint District #93*, 114 F.4th 1129, 1146-1147 (9th Cir. 2024) ("[T]he 'starting point to our analysis' of exaction claims is still whether the substance of the condition, such as granting an easement . . . would be a taking independent of the conditioned benefit."); *Mamakos v. Town of Huntington*, No. 16-CV-5775, 2017 WL 2861719, at *15 (E.D.N.Y. July 5, 2017) (ordinance requiring permit to lease dwellings to third-parties did not violate the "unconstitutional conditions" doctrine because "a condition . . . 'cannot be unconstitutional if it could be constitutionally imposed directly'") (citing *Koontz*); *Coal. for Fairness in Soho & Noho, Inc. v. City of New York*, No. 151255/2022, 2023 WL 6535289, at *8 (N.Y. 2023) (following *Knight*).

elsewhere." *Id.*, 16 F.4th at 201-202.  When F.P. Development filed a takings claim after the township imposed a $47,898 impact fee, it did not argue that all regulatory fees relating to the use of real property are subject to the *Nollan*/*Dolan* takings analysis, or that Canton's Tree Ordinance imposed an unconstitutional condition on its right to use its property. *Id.* at 205.  Indeed, in applying the two-part *Nollan*/*Dolan* test to F.P. Development's takings claim, <u>neither</u> side ever raised the issue of whether the Township's tree ordinance was subject to the *Nollan*/*Dolan* test; rather, both sides <u>specifically</u> <u>requested</u> that the Court apply "the essential nexus and rough proportionality test" to the $47,898 mitigation fee. *Id.* at 206.  Thus, the Sixth Circuit began its analysis by <u>emphasizing</u> that "[t]here is an interesting question whether Canton's application of the Tree Ordinance to F.P. falls into the category of government action covered by *Nollan*, *Dolan*, and *Koontz*.  But the parties do not raise it.  And we decline to do so on our own accord." *Id.*  Thus, there is nothing in *F.P. Development* that decides the legal issues presented by this case.

In their Brief, Plaintiffs also rely upon a Michigan state court decision relating to the enforcement of Canton Township's tree ordinance, *Charter Twp. of Canton v. 44650, Inc.*, 12 N.W.3d 56 (Mich. App. 2023).  Once again, however, Plaintiffs overstate the ruling in that case because they omit the fact that, like *Knight*, the Michigan court of appeals held that "[a] predicate for any unconstitutional conditions claim is that the government could not have constitutionally ordered the person asserting the claim to do what it attempted to pressure that person into doing." *Charter Twp. of Canton*, 12 N.W.3d at 76, citing *Koontz*, 570 U.S. at 612.  Thus, as in *Knight*, the Michigan court of appeals <u>agreed</u> that "the predicate for an unconstitutional-conditions claim is that the condition would constitute a taking of property without just compensation if the government imposed it on a property owner outside the permitting context." *Id.* at 76.

This is a significant limitation on the holding in *Charter Twp.* that was wrongfully omitted from Plaintiffs' Motion.  Indeed, in *Charter Twp.*, the court only applied the *Nollan/Dolan* test

because the Township had ordered the property owner to re-plant 1,485 trees or pay the market value – **$446,625** – into the Township's tree fund, which the court held was a "taking" because the "nearly half a million dollars in fees or costs" was "more than the property's market value." *Id.* at 76. Thus, "[u]nder these circumstances," the court held that the *Nollan/Dolan* test applied because "plaintiff's demand for money is a taking of property without just compensation." *Id.*

4.      *Home Builders*:  This case also involved an "impact fee" that was imposed upon a developer to pay for "a proportionate share of the cost of capital expenditures necessary to provide roadways and related traffic facilities." *Id.*, 89 Ohio St.3d at 122.  Upon review, the Ohio Supreme Court did not address any of the legal issues presented in this case, other than to determine the appropriate test under Ohio law for determining the constitutionality of an "impact fee" adopted to fund public infrastructure projects.  Thus, the holding in *Home Builders* is limited only to impact fees, and does not address any of the legal issues presented in this case.

**C.      Plaintiffs Misconstrue The Case Law Cited In Their Motion To Support Their Alleged "Constitutional" Right To Lease Dwellings To Third Parties.**

Plaintiffs also misconstrue the case law cited on Page 16 of their Motion relating to whether they have a "constitutional right" to lease property to third parties.  With respect to the cases cited on Page 16, Plaintiffs confuse the difference between the "essential attributes" of the property ownership (*i.e.,* the right to use, lease, dispose) with the question of whether the property owner has a "constitutional right" to use their property in any manner *without any regulation*.  This distinction is explained by the Supreme Court in *Loretto*, which clearly explains why the bundle of rights arising from real property ownership is subject to "the State's broad power to impose appropriate restrictions upon an owner's use of his property." *Id.*, 458 U.S. at 436-441.  Indeed, even in the Texas case cited by Plaintiffs – *Zaatari v. City of Austin*, 615 S.W.3d 172 (Tex. App. 2019) (which involved a legislative ban on short-term rentals) –  the court cited *Loretto* in

acknowledging that the right to lease property is a "privilege" that "can be subject to restriction or regulation under certain circumstances." *Id*. at 190-191, citing *Loretto*, 458 U.S. at 436. Thus, in *Zaatari*, the Texas appellate court did not invalidate the short-term rental ban, but only ruled that it could not be applied retroactively. *Id.* at 191-192.

In this regard, the federal cases addressing the local regulation of short-term rentals are instructive because they all recognize that a property owner does not have an "unbridled" right to lease real property for a profit without any governmental regulation. *See Selvaggi v. Borough of Point Pleasant Beach*, No. 22-00708, 2022 WL 1664623, at *5 (D.N.J. May 25, 2022); *Weisenberg v. Town Board of Shelter Island*, 404 F.Supp.3d 720, 733-734 (N.D.N.Y. 2019); *see also Anding v. City of Austin*, No. 1:22-CV-01039, 2023 WL 4921530, *11-12 (W.D. Tex. Aug. 1, 2023). Thus, while use regulations are subject to substantive due process review to ensure that they are rationally related to the public health, safety, and welfare, this highly deferential standard was easily satisfied in the short-term rental cases merely by finding that "the City had legitimate interests in increasing the long-term housing supply and reducing public nuisances," and that the ban "rationally furthers those interests by removing short-term rentals, which reduced the long-term housing supply and made public nuisances more likely." *See, e.g., Nekrilov v. City of Jersey City*, 528 F. Supp. 3d 252, 282 (D.N.J. 2021), *aff'd*, 45 F.4th 662 (3d Cir. 2022).

Here, of course, Cleveland Heights has not adopted any ban on the leasing of dwellings. Rather, it has merely adopted an out-of-county registration requirement and related $100.00 registration fee, which imposes only a minimal burden that is designed to advance the public health, safety, and welfare by ensuring that the City has a local agent who can receive service of process and violation notices. This is a key difference because the registration requirement and fee does not actually take away any right to own or use the property. *U.S. v. Riverside Bayview Homes, Inc.*, 474 U.S. 121 (1985) ("[a] requirement that a person obtain a permit before engaging in certain

13

use of his or her property does not itself "take" the property in any sense). Thus, while the City's exercise of its police powers may be subject to a substantive due process review, it does not impose an "unconstitutional condition" upon the exercise of any constitutional rights. *Benjamin as Tr. of Rebekah C. Benjamin Tr. v. Stemple*, 915 F.3d 1066, 1068 (6th Cir. 2019) (rejecting argument that municipal ordinance imposed "an unconstitutional condition on registering their properties" because it involved a "run-of-the-mine exercise of the city's police power").

Finally, Plaintiffs overstate the holdings in *Mariemont Apartment Ass'n v. Village of Mariemont*, 2007-Ohio-173 (1st Dist.), and *Asher Investments, Inc. v. City of Cincinnati*, 122 Ohio App.3d 126 (1st Dist. 1997). Neither case involves a takings claim or the unconstitutional conditions doctrine. Rather, the reference cited by Plaintiffs to the *Mariemont* case – that plaintiffs have a "constitutionally protected <u>interest</u>" in their existing leasing business – was written for purposes of determining whether the City violated *procedural* due process by failing to provide an appeal process for the denial of a rental permit. *Id.*, 2007-Ohio-173, at ¶ 40-50 (emphasis added). Again, this argument confuses the difference between the definition of a "property interest" for purposes of a due process claim with the question of whether a property owner has the constitutional right to lease property free from any police power regulations. Plaintiffs do not cite a single Ohio case that has ever held that a property owner has an unbridled right to lease property without any regulation. Indeed, in *Mariemont*, the First District applied the deferential rational basis standard in deciding that the City's exercise of police power to impose a rental permit requirement was "rationally related to legitimate governmental interests" because, among other things, "[r]esidential rental properties require greater health and safety regulation than other types of properties," and thus "[i]t is reasonable to require landlords to offset the costs of regulating that business." *Id.* at ¶ 31-33. Accordingly, the First District's decision in *Mariemont* actually supports Defendants' position in this case.

14

**D.** **Plaintiffs Have Failed To Demonstrate That The $100 Out-Of-County Registration Fee Does Not Satisfy The "Essential Nexus" and "Rough Proportionality" Standard.**

While binding Supreme Court and Sixth Circuit precedent establish that the *Nollan*/*Dolan* test does not apply to a $100 user fee imposed to pay the costs of governmental regulation, Defendants want to make clear that they are <u>not</u> conceding that the $100 out-of-county registration fee violates the "essential nexus" and "rough proportionality" standard.

1.     <u>First</u>, it is clear that there is an "essential nexus" between a "legitimate state interest" and the $100 registration fee, given the holdings in *Tarantino* and *Ewing* that a city has a valid and legitimate state interest in having out-of-county landlords designate a local agent to receive service of process and notices of violation, and given the holding in *Halpern* that a city may impose a reasonable fee to offset the costs of advancing a city's public safety and welfare interests.  *Dolan*, 512 U.S. at 386-387 (applying deferential standard of review in determining that an "essential nexus" exists between the "legitimate state interest" and the permit condition).

Second, the amount of the $100 registration fee satisfies the "rough proportionality" standard because it was set by City Council based upon a reasonable "estimate" of the approximate cost of processing out-of-county registration applications and enforcing the out-of-county registration requirement.  (Doc.#24-1, Butler Dep. pg. 12, PageID#456); (Doc.#43-4, Ordinance No. 104-2023, 2d Whereas Clause, PageID#937).  Indeed, as previously discussed, the amount of the $100 registration fee is reasonable on its face.  While Plaintiffs argue that "some sort of individualized determination is required" under *Dolan*, this standard should not be interpreted as requiring a city council to conduct an individualized determination in deciding the amount of a registration fee that does not relate to the "impact of a proposed development," as in *Dolan* and *Nollan*, but to the approximate cost of processing registration applications, which would be roughly the same for each property owned by an out-of-county landlord.  Thus, since the $100

registration fee is not an "impact" fee relating to a "particular development," it is reasonable and appropriate for the City to adopt the same, reasonable $100 fee for all out-of-county registration applications, which is similar to the $175 landlord registration fee that was upheld in *Halpern*.

In this regard, we note that the Supreme Court in *Sheetz* specifically left open the question of whether "a permit condition imposed on a class of properties must be tailored with the same degree of specificity as a permit condition that targets a particular development." *Id.*, 601 U.S. at 280.  While the Court in *Sheetz* was focused on the potential use of "reasonable formulas or schedules" in determining "impact fees" for "new developments," *id*, 601 U.S. at 284 (Kavanaugh, J. concurring), this language recognizes that legislative exactions may not always be capable of individualized determinations.  Indeed, the fact that *Nollan*, *Dolan*, *Koontz*, and *Sheetz* all involve exactions based upon the impact of a <u>new</u> development only underscores why the *Nollan*/*Dolan* test does not apply to user fees, which are <u>not</u> based upon the impact of a new development, but are adopted to defray the costs of an <u>ongoing</u> <u>regulatory</u> program.  Thus, while it is certainly the City's position that the reasonable $100 registration fee satisfies the essential nexus and rough proportionality standards, the Court ultimately does not need to decide this issue because it is clear, based upon *Koontz* and *Knight*, that the *Nollan*/*Dolan* test does not apply to user fees that are adopted through the exercise of the City's police powers to offset the costs of a regulatory program.

### E.     The Court Should Reject Plaintiffs' Argument That The Out-Of-County Registration Fee Is Duplicative.

In their Brief, Plaintiffs also cite *Engleman v. Budish*, 2015-Ohio-1153 (8th Dist.), and *Cook Road Investments, LLC v. Board of Cuyahoga County Commissioners*, 2011-Ohio-2151 (8th Dist.), for proposition that that the $100 out-of-county registration fee is an "unconstitutional taking" because it is allegedly "duplicative" of the City's $200 registration fees for "vacant" dwellings.  This argument should be rejected for two reasons.

16

First, both *Cook Road Investments* and *Engleman* are distinguishable because the sewer connection fees at issue were governed by a Sewer Service Agreement between Cuyahoga County and North Olmsted, which provided that North Olmsted would collect connection fees from users in the service area "as the agent of the County." *Cook Road Invest.*, 2011-Ohio-2151, at ¶ 22. The alleged takings claim arose, therefore, because it is involved the County's double-collection of the same sewer connection fee, which Cook had already paid to North Olmsted as the agent of the County. *Id.* at ¶ 23. Here, by contrast, the $100 out-of-county registration fee is not the same as the City's $200 registration fee for vacant dwelling structures. Indeed, Section 1351.33(a) expressly provides that "[r]egistration under Section 1351.34 of the Codified Ordinances shall not negate the requirements for registration under this Section 1351.33 or any other requirement of Chapter 1351." (*See* Doc.#43-2, Cleve. Hts. Cod. Ord. 1351.33, PageID#910). Thus, the City's out-of-county registration fee is not the same as the separate registration fees for vacant dwellings.

Second, Plaintiffs' argument should be rejected because it wrongfully attempts to use *Cook Road Investments* as a vehicle to challenge the merits of the City's policy decision to adopt a separate out-of-county registration requirement in addition to the vacant dwelling registration requirement. Again, this is not a valid takings claim, but is more akin to a due process claim because it seeks to challenge whether there is a rational basis for the out-of-county registration fee. *See Lingle v. Chevron U.S.A., Inc.*, 544 U.S. 528, 532 (2004); *State ex rel. Gilmour Realty, Inc. v. Mayfield Hts.*, 2008-Ohio-3181, ¶ 20. Accordingly, the Court should reject Plaintiffs' arguments, and conclude that the out-of-county registration fee is not duplicative.

### F. Plaintiffs Do Not Dispute That The Exclusive Remedy For An Alleged Taking Under Ohio Law Is A Writ Of Mandamus, Not Money Damages.

As previously discussed, Plaintiffs' Cross-Motion does not respond at all to Defendants' argument that the "proper legal remedy" for a takings claim under Article I, Section 19 of the Ohio

Constitution is the filing of a petition for writ of mandamus, not a "private right of action for damages." *See Cleveland v. Martin*, 2005-Ohio-6482, ¶ 22–23 (Ohio Ct. App. 2005); *Harrison v. Montgomery Cty.*, 482 F. Supp. 3d 652, 665 (S.D. Ohio 2020); *Tarrify Props., LLC v. Cuyahoga Cnty.*, No. 1:19-cv-2293, 2020 WL 4043105, *6 (N.D. Ohio July 17, 2020). Accordingly, for the reasons set forth in Argument I above, the Court should treat the state law takings claim in Count III as abandoned and waived, and grant summary judgment in Defendants' favor. *Scottsdale Ins. Co.*, 513 F.3d at 553; *Korwin*, 2024 WL 3638655, at *4.

### III. PLAINTIFFS HAVE FAILED TO SATISFY THEIR BURDEN TO SHOW THAT THEY CAN PREVAIL ON THE EQUAL PROTECTION AND SUBSTANTIVE DUE PROCESS CLAIMS ALLEGED IN COUNT II.

#### A. Plaintiffs Ignore The Applicable Case Law That Shows That An Out-Of-County Registration Requirement "Easily" Passes Constitutional Muster Under The Rational Basis Standard of Review.

Plaintiffs do not present any argument to distinguish the case law cited in Defendants' Motion, which shows that there is a rational basis for requiring out-of-county landlords to register with the City in order to designate a local agent to receive notices of violation or service of process that may arise from a failure to comply with the City's property maintenance codes. *See Tarantino*, 615 F. Supp. 2d at 118–119; *Ewing Citizens*, 2007 WL 2065832, at *8-10. Plaintiffs' Motion does not discuss *Tarantino* or *Ewing* at all. While they argue that the City's reasons for its out-of-county registration requirement are based upon "speculation" about the alleged harms caused by out-of-county landlords, this argument ignores the Sixth Circuit's ruling in *Tiwari v. Friedlander*, 26 F.4th 355 (6th Cir. 2022), that any "plausible" reason for the legislation will suffice, even if it is based upon "rational speculation unsupported by evidence or empirical data." *Id.* at 361.

Indeed, in this case, Defendants' reasons for imposing an out-of-county registration requirement and related $100 registration fee are not based upon "speculation." Rather, they are supported by (i) the sworn interrogatory answers verified by the City's Housing Programs

Director, Allan Butler (Doc.#43-7, Interr. Ans. #3-4 and #16-17, PageID#962-964, 970-972, 977); (ii) the Deposition and Declarations of Allan Butler (Doc.#24-1, Butler Dep. pp. 12, 22-23, PageID#456 and #459, and Doc.#43-6, Butler Decl., PageID#958-959); (iii) the factual findings of the Cleveland Heights City Council in Ordinance No. 104-2023 (Doc.#43-4, PageID#937-938); (iv) the Minutes from the August 6, 2027 City Council Meeting (Doc.#43-5, 8.6.2027 Minutes, pp. 9-11, PageID#951-953); and (v) the Cuyahoga County Housing Study conducted by the Vacant and Abandoned Property Action Council (Doc.#43-8), which recommended the imposition of out-of-county registration requirements as a necessary step to ensure "effective code compliance." (*Id.* at pp. 33-35, PageID#1015-1017). Thus, as in *Tarantino* and *Ewing*, the City's reasons for the out-of-county registration requirement "easily" satisfy the rational basis standard.

In contrast, Plaintiffs present **_zero_** evidence to support their alleged equal protection and due process claims, except for repeatedly attacking the City for failing to track how each of the out-of-county registration fees were actually spent. As previously discussed, however, there is no requirement under existing precedent for the City to maintain a separate fund or to track every billable hour expended by its staff in processing out-of-county registration applications. Indeed, other than *legal arguments* about why the out-of-county registration ordinance is unfair or unnecessary, Plaintiffs have failed to refute any of the valid and legitimate reasons presented by the City for why the out-of-county registration ordinance advances the public health, safety, and welfare. Again, as the Sixth Circuit has held, any "plausible" reason for the ordinance will suffice, "no matter how unfair, unjust, or unwise the judges may see it as citizens." *Tiwari,* 26 F. 4th at 361. Thus, given the holdings in *Halpern*, *Tarantino* and *Ewing* and the undisputed evidence submitted by the City for why it adopted the out-of-county registration requirement, the Court should conclude that Plaintiffs have failed to satisfy their heavy burden to prove a substantive due process or equal protection violation.

**B.**     **The Court Should Reject Plaintiffs' Argument That Their Due Process and Equal Protection Claims Are Subject To A Heightened Standard of Review.**

Given the highly deferential standard of review that must be applied to substantive due process and equal protection claims, most of Plaintiffs' Motion relating to Count Two is based upon a futile attempt to suggest that their claims are subject to a "heightened" standard of review. In particular, Plaintiffs rely heavily on a sentence in *Yoder v. Bowling Green, Ohio*, No. 3:17 CV 2321, 2019 WL 415254 (N.D. Ohio Feb. 1, 2019), for the proposition that "Ohio courts apply a higher level of scrutiny" to claims regarding "property rights." *Id.* at *3.  This language in *Yoder* about a "higher" level of scrutiny, however, is based upon the Ohio Supreme Court's ruling in *Norwood v. Horney*, 110 Ohio St.3d 353 (2006), which did not involve a due process or equal protection claim.  Rather, it involved a void-for-vagueness challenge to Ohio's eminent domain statutes, and the Court held that a "heightened scrutiny" applied "when reviewing *statutes* that regulate the use of eminent-domain powers."  *Norwood*, 110 Ohio St.3d at 356 (emphasis added); *see also Stevens v. City of Columbus*, No. 2:20-CV-1230, 2020 WL 7021422, *3 (S.D. Ohio Nov. 30, 2020) (discussing the Ohio Supreme Court's limited holding in *Norwood*).

 Indeed, in the 2012 case, *In re Application of Columbus Southern Power Co.*, 2012-Ohio-5690, the Ohio Supreme Court expressly held that the "heightened scrutiny" standard in *Norwood* applies only "when a court reviews an eminent domain statute or regulation" to determine whether it is "void-for-vagueness," and that it does not apply to the judicial review of a civil statute "directed to economic matters in a highly regulated industry" that "does not implicate any constitutionally protected conduct." *Id.* at ¶ 15-16.  Thus, since *Norwood* was decided, the Ohio Supreme Court has continued to apply the same rational basis standard of review for substantive due process and equal protection claims under the Ohio Constitution.  *Stolz v. J & B Steel Erectors, Inc.*, 2018-Ohio-5088, ¶ 13-14 and ¶ 26; *Groch v. Gen. Motors Corp.*, 2008-Ohio-546, ¶ 172.

Accordingly, given that this alleged "heightened" standard of review is based upon Ohio law, this Court should follow the above-referenced Ohio Supreme Court opinions in deciding this legal issue. *Animal Science Products, Inc. v. Hebei Welcome Pharm. Co., Ltd.*, 585 U.S. 33, 44 (2018) ("If relevant state law is established by a decision of 'the State's highest court," that decision is 'binding on the federal courts.'") (citations omitted).

### C. The Court Should Reject Plaintiffs' New Argument That The Out-Of-County Registration Fee Violates The Privileges and Immunities Clause.

The Court also should reject Plaintiffs' new argument that the out-of-county registration ordinance violates the constitutional right of travel under the Privileges and Immunities Clause of Article IV of the US Constitution. This new claim is not pled as a cause of action in the Amended Complaint (Doc.#5), and it cannot be filed by a plaintiff who is the resident of the same state as where the municipal defendant is located. *Stevenson v. Oyster Bay*, 433 F. Supp. 2d 263, 267 (E.D.N.Y. 2006) ("persons aggrieved by a residency requirement of a municipality located within the state in which that person is a resident lack standing to challenge that law") (citing cases); *Connecticut Citizens Defense League, Inc.*, 664 F. Supp.3d 235, 251 (D. Conn. 2023) ("Only out-of-state residents, however, have standing to bring a claim under the Privileges and Immunities Clause"). Thus, since all three Plaintiffs are residents of Summit County, Ohio, none of them have standing to prosecute any claims based upon the Privileges and Immunities Clause. (Doc.#5, Amd. Compl. pg. 1 and ¶ 6-7, PageID#55-56 and ¶ 83, PageID#68).

In any event, even if the Privileges and Immunities Clause were to apply, it would not subject the City's out-of-county registration ordinance to a higher level of scrutiny. In ruling on the scope of the Privileges and Immunities Clause, the Supreme Court has "always carefully distinguished between bona fide residence requirements, which seek to differentiate between residents and nonresidents, and residence requirements, such as durational, fixed date, and fixed

point residence requirements, which treat residents differently based on the time they migrated into the State." _Att'y Gen. of New York v. Soto-Lopez_, 476 U.S. 898, 903, n.3 (1986). While durational residency requirements are subject to heightened scrutiny because they infringe upon the constitutional right of travel, the Supreme Court has held that this heightened standard of review does not apply to a "bona fide residence requirement" because it "does not burden or penalize the constitutional right of interstate travel, for any person is free to move to a State and to establish residence there." _Id._ Thus, "the Supreme Court has never applied anything greater than a rational basis level of review in cases involving equal protection challenges to bona fide residence requirements." _Sylvia Dev. Corp. v. Calvert Cnty._, 48 F.3d 810, 820 (4th Cir. 1995) (applying rational basis to claim based upon the plaintiff's "residence outside of the county").

For this reason, _Mem'l Hosp. v. Maricopa County_, 415 U.S. 250 (1974), and other cases cited in Plaintiffs' Motion involving durational residency requirements are not applicable. Moreover, Plaintiffs' citation to _Metro. Life Ins. Co. v. Ward_, 470 U.S. 869 (1985), is distinguishable because, in that case, the Court found that the sole interest advanced by the State for taxing out-of-state businesses at a higher tax rate was "promoting domestic industry and local investment," which the Supreme Court determined was not a rational basis for the difference in treatment. _See McNeilus Truck & Mfg. Inc. v. Montgomery_, 226 F.3d 429, 440 (6th Cir. 2000) (citing _Metro. Life_, 470 U.S. at 879). Indeed, in _Metropolitan Life_, the Supreme Court "did not look behind the stated purposes" of the statute in ruling that this "stated purpose" cannot withstand the rational basis standard of review. _Id._ Thus, as the Sixth Circuit held in _McNeilus Truck_, the holding in _Metropolitan Life_ does not apply if there are other "plausible" reasons for the law. _Id._, 226 F.3d at 440. Accordingly, given that there are plausible reasons for the City's out-of-county registration ordinance, the Court should grant summary judgment in the City's favor on Count II.

22

**D.    Any Alleged Misinterpretation/Misapplication Of The City's Municipal Ordinances Does Not Give Rise To A Constitutional Violation.**

The Court also should reject Plaintiffs' argument that there is no rational basis for the out-of-county registration fee because Sections 1351.34 and 1369.16 of the Codified Ordinances did not authorize the collection of an out of-county registration fee for dwelling structures before the adoption of Ordinance No. 104-2023 by the Cleveland Heights City Council on June 22, 2023. (Doc.#46, Pl. MSJ, pp. 33-37, PageID#1096-1100).  This is a meritless argument for two reasons.

First, Plaintiffs are wrong in suggesting that the Cleveland Heights Codified Ordinances did not impose a $100 out-of-county registration fee for both dwelling structures and business structures prior to the 2023 amendment.  In particular, the first sentence of the prior version of Section 1369.16(a) that was in effect before June 22, 2023, applied to both "commercial, industrial and institutional" structures <u>and</u> to "dwelling structures." (Doc.#1-2, Compl. Ex. 1, Section 1369.16(a), PageID#31); (Doc.#43-7, Def. Ans. to Interr. #9, PageID#967).  While Plaintiffs want this Court to ignore the reference to "dwelling" in the prior version of Section 1369.16(a), the Court would have to literally strike the reference to "dwelling" in the third line of the first sentence of 1369.16(a) in order to adopt Plaintiffs' interpretation, which would run afoul of the rule that "[a] court construing a provision in a city charter, statute, contract or other writing may not ignore the existence of any word or phrase" and may not "add to or delete words." *State ex rel. Harris v. Rubino*, 2018-Ohio-3609, ¶ 27.  Accordingly, the Court should reject Plaintiffs' argument.

Even if the City misinterpreted or misapplied the prior version of Section 1369.16(a)  as applying to "dwelling structures," the fact remains that this misinterpretation or misapplication of the City's ordinances does not give rise to a substantive due process claim.  As the Sixth Circuit explained in *Johnson v. City of Saginaw, Michigan*, 980 F.3d 497 (6th Cir. 2020), there is no "controlling authority suggesting that the simple misinterpretation or misapplication of a municipal

ordinance constitutes a violation of substantive due process." _Id._ at 514 and fn. 11 (citing cases). Thus, in _Golf Village North, LLC v. City of Powell_, 42 F.4th 593 (6th Cir. 2022), the Sixth Circuit rejected a substantive due process claim that was based upon an erroneous interpretation of the City's zoning ordinances, holding that "[a]t most, it's an erroneous interpretation of the Code. That is not enough to violate substantive due process." _Id._ at 602; _see_ _Fish Hook Distilling Co. LLC v. Vester Propco, L.L.C._, No. 23-11626, 2024 WL 992164, *8 (E.D. Mich. 2024) (citing _Johnson_ and _Golf Village_ in rejecting due process claim based on allegation that city "violate[d] their own zoning ordinances").

Here, the City had a rational basis for their interpretation of Section 1369.16 because it expressly referred to "dwelling structures." (Doc.#1-2, Compl. Ex. 1, Section 1369.16(a), PageID#31). Even if the City's interpretation were erroneous, however, it "is not enough to violate substantive due process." _Golf Village_, 42 F.4th at 602. Accordingly, since the Amended Complaint only alleges constitutional claims, the Court should conclude that any alleged error in interpreting the City's ordinances is not legally sufficient to prove a due process violation.

### E. Plaintiffs Do Not Dispute That There Is No Private Right Of Action To Recover Damages For An Alleged Violation Of The Ohio Constitution

In their Motion, Plaintiffs present no argument to respond to Defendants' argument that the Ohio Supreme Court has never recognized a private right of action for damages for an alleged violations of the Ohio Constitution. _Provens v. Stark Cnty. Bd. of Mental Retardation & Dev. Disabilities_, 594 N.E.2d 959, 965 (1992); _Talley v. City of Cleveland_, 1:14-cv-1697, 2015 WL 366698, *5 (N.D.Ohio Jan. 27, 2015); _Langin v. Sheffield-Sheffield Lake Bd. of Educ._, 2022-Ohio-879, ¶ 15 (9th Dist. 2022); _Harris v. Columbus_, 2016-Ohio-1036, ¶ 24 (10th Dist.). Accordingly, the Court should treat any damages claims that are based upon violations of the Ohio Constitution as abandoned and waived, and grant summary judgment to Defendants on all such claims.

24

IV.  **PLAINTIFFS HAVE WAIVED AND ABANDONED THEIR EQUITABLE CLAIM FOR UNJUST ENRICHMENT/RESTITUTION IN COUNT IV, THEIR CLAIM FOR DECLARATORY AND INJUNCTIVE RELIEF IN COUNT I, AND ALL OF THEIR CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS.**

As previously discussed, Plaintiffs' Motion fails to present *__any__* arguments in response to the summary judgment arguments raised on Pages 26-30 of Defendants' Motion relating to why summary judgment should be granted in Defendants' favor on the claims alleged in Count I and Count IV and against the two Individual Defendants. (*See* Doc.#43, Def. MSJ, pp. 26-30, PageID#881-884).  While Plaintiffs included a request for an injunction in the Conclusion of their Motion, there is no discussion of how they can satisfy the legal standards for a declaratory judgment or a permanent injunction. (Doc.#46, Pl. MSJ, pp. 37-38, PageID#1100-1101). Moreover, Count IV is not discussed at all.  Accordingly, for the reasons discussed above, the Court should treat the claims alleged in Count I and Count IV, and against the Individual Defendants as abandoned, and any arguments in response to Defendants' arguments about Count I, Count IV, and the Individual Defendants as waived.  *Korwin*, 2024 WL 3638655, at *4.

## CONCLUSION

For these reasons, the Court should grant Defendants' Motion for Summary Judgment (Doc. #43), deny Plaintiffs' Motion for Summary Judgment (Doc. #46), and enter a final judgment in Defendants' favor on all of the claims alleged in Amended Complaint.

Respectfully submitted,

/s/ *Stephen W. Funk*_____ _

|  |  |
|---|---|
| William R. Hanna (0068705) | Stephen W. Funk (0058506) |
| Director of Law | ROETZEL & ANDRESS, LPA |
| 40 Severance Circle | 222 South Main Street, Suite 400 |
| Cleveland Heights, Ohio 44118 | Akron, OH 44308 |
| Telephone: (216) 377-1246 | Telephone:  (330) 849-6602 |
| Email: whanna@ralaw.com | Email: sfunk@ralaw.com |

*Attorneys for Defendants*

## CERTIFICATE OF COMPLIANCE

Pursuant to N.D. Ohio Local Rule 7.1(f), I hereby certify that the foregoing Memorandum complies with the 25-page limitation established by the Court's Order, dated June 14, 2024 (Doc.#39), for Defendants' Consolidated Reply in Support of Defendant's Motion for Summary Judgment and Opposition to Plaintiff's Motion for Summary Judgment.

*/s/ Stephen W. Funk_____*

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of December, 2024, the foregoing Combined Memorandum was filed electronically with the Court.  Notice of this filing has been served upon counsel of record via the Court's electronic filing system.  Access to this filing can be obtained via the Court's electronic filing system.

*/s/ Stephen W. Funk_____*